**Philip SMITH and Wanda Smith, Appellants,**

**v.**

**CITY OF LOYALL, Kentucky, Charles Boggs, Robert Byrd, Arley Lay, Lonnie Burkhart, Jr., Johnny Adams, Jr., Richard Burkhart, and Ed Taylor, Appellees.**

Court of Appeals of Kentucky.

Jan. 17, 1986.

Andrew Vandergaw, Harlan, for appellants.

Robert Melvin, Harlan, for appellees.

Before COMBS, HOWERTON and WHITE, JJ.

HOWERTON, Judge.

The Smiths appeal from an order of the Harlan Circuit Court denying their motion to require the appellees to show cause why they should not be held in contempt for failure to comply with the provisions of an agreed order. The trial court found that the appellees had purged themselves of contempt by complying with the order prior to the hearing on the motion. The purpose of civil contempt authority is to provide courts with a means for enforcing their judgments and orders, and trial courts

have almost unlimited discretion in applying this power. We find no error in the denial and affirm the order.

The Smiths filed suit against the city and its officers on March 21, 1983, alleging damage to their property as a result of the construction of a sidewalk which barred access to their property. On May 11, 1984, an agreed order was entered, and the city agreed to correct the problem within 60 days after the entry of the judgment. The city had not complied with the judgment within the 60 days and, on July 16, 1984, the Smiths filed their motion to have the appellees show cause why they should not be held in contempt. A hearing date was set for August 31, but on August 20, the appellees provided the court with an affidavit from the mayor of the city wherein he stated that the sidewalk had been corrected. Counsel for the Smiths also stated that his clients were satisfied with the replacement, and they claimed no further damage.

The Smiths nevertheless appealed from the denial of their contempt motion because the sidewalk was not repaired within the agreed time. They argue that the trial court lacked sufficient evidence upon which to base its decision. We find no merit in either of these allegations.

■ A civil contempt occurs when a party fails to comply with a court order for the benefit of the opposing party, while criminal contempt is committed by conduct against the dignity and authority of the court. *Tucker v. Commonwealth*, 299 Ky. 820, 187 S.W.2d 291 (1945). This case involves civil contempt. The purpose of civil contempt is to force compliance with the order, and the parties at fault are generally permitted to "purge" themselves of any contempt by compliance. Courts possess inherent discretionary powers enabling them to gain compliance with their orders. *Crook v. Schumann*, 292 Ky. 750, 167 S.W.2d 836 (1942). In this case, there was sufficient proof for the court to conclude that the appellees had "purged" themselves of contempt by complying with the order, although their compliance was late.

■ The courts' discretionary power necessarily includes the power to refrain from imposing sanctions and fines in the face of compliance. Since the original order had been complied with, the court was fully within its power to deny the Smiths' motion.

The order of the Harlan Circuit Court is affirmed.

All concur.