**Steven W. MEYERS, Appellant,**

v.

**Hon. Bruce PETRIE, Judge, Appellee.**

**No. 2006–CA–001112–MR.**

Court of Appeals of Kentucky.

Aug. 31, 2007.

Erin Hoffman Yang, Assistant Public Advocate, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, D. Brent Irvin, Assistant Attorney General, Frankfort, KY, for appellee.

Before DIXON, MOORE, and TAYLOR, Judges.

## OPINION

MOORE, Judge.

In the present case, Steven W. Meyers appeals from an order of the Boyle Family Court in which the family court held Meyers in contempt for violating a provision of a Domestic Violence Order (DVO) that required Meyers to attend domestic violence counseling. As punishment for his contemptuous behavior, the family court ordered Meyers to complete domestic violence counseling. On appeal, Meyers argues that he only had a duty to comply with the DVO as long as it remained in effect, and, once the DVO had expired, the family court lacked the authority to extend the DVO's provisions past its expiration date to require Meyers to complete the previously-ordered counseling. Finding that the family court properly exercised its contempt power, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the record, Ashley R. Phillips filed a Domestic Violence Petition with the Boyle Family Court alleging that Steven W. Meyers had threatened to kill her and that she feared for her life. After holding an evidentiary hearing regarding Ashley's petition, the Boyle Family Court entered a domestic violence order against Meyers. In addition to the standard no-

contact provision, the family court included a provision requiring Meyers to submit to a domestic violence evaluation and to attend domestic violence counseling if it were deemed appropriate. Furthermore, the family court ordered that the DVO would remain in effect for one year.

Not long after the court issued the DVO, Ashley alleged that Meyers had violated the no-contact provision. Consequently, the family court issued an order requiring Meyers to appear before the bench to show cause why he should not be held in contempt for violating the DVO. However, Meyers failed to appear, so the family court issued a bench warrant for his arrest. Eventually, the family court received information that, although Meyers had been evaluated as required by the DVO and had been referred to domestic violence counseling, he had failed to attend. Meyers was later arrested.

After his arrest, Meyers appeared with counsel before the family court. While there, Meyers' counsel explained to him that he was facing three allegations of contempt: 1) for allegedly violating the no-contact provision of the DVO, 2) for failing to appear regarding the first allegation, and 3) for allegedly failing to complete the domestic violence counseling as required by the DVO. The family court then set the matter for an evidentiary hearing. By the time the hearing was held, the DVO had expired.

During the hearing, the family court dismissed the first allegation of contempt because Ashley did not appear to testify against Meyers.[1] Regarding the second allegation of contempt, Meyers pled guilty, and the family court punished him by sentencing him to thirty-days' incarceration.

Regarding the third allegation, the family court acknowledged that the DVO had previously expired but noted that it had issued the show cause order prior to the DVO's expiration date. Consequently, the family court determined that it continued to have jurisdiction over Meyers' contemptuous behavior. The family court proposed that if Meyers was willing to plead guilty to the third allegation of contempt, then it would sentence him to 180 days of incarceration but would probate that sentence on the condition that he complete the previously-ordered domestic violence counseling.

After considering the family court's proposal, Meyers stated that he was willing to plead guilty to the third contempt charge and was willing to be incarcerated for his contemptuous behavior; however, he made it clear that he was not willing to attend the previously-ordered counseling. Meyers argued that, after the DVO had expired, the family court lost authority to force him to attend the counseling, and it could not extend the DVO's provision regarding domestic violence counseling beyond the DVO's expiration date.

The family court disagreed with Meyers' argument but allowed him to enter a conditional guilty plea regarding the third contempt charge, thereby, reserving his right to appeal. Ultimately, for contempt, the family court sentenced Meyers to 181 days of incarceration and ordered him to complete domestic violence counseling as well.[2]

---

1. Ashley never received notice regarding the evidentiary hearing despite the family court's explicit order that Boyle Circuit Clerk's Office was to notify her.

2. If a trial court seeks to impose a fine of more than $500.00 and/or incarceration for more than six months, the alleged offender is entitled to a jury trial where he has an opportunity to defend himself and where the jury must unanimously find him guilty beyond a reasonable doubt. *Miller v. Vettiner*, 481 S.W.2d 32, 35 (Ky.1972). In the present case,

## II. STANDARD OF REVIEW

 When a court exercises its contempt powers, it has nearly unlimited discretion. *Smith v. City of Loyall,* 702 S.W.2d 838, 839 (Ky.App.1986). Consequently, we will not disturb a court's decision regarding contempt absent an abuse of its discretion. "The test for abuse of discretion is whether the trial [court's] decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999) (citations omitted).

## III. ANALYSIS

According to Meyers, when the DVO expired, the family court lost authority to force him to complete the domestic violence counseling as previously required by the DVO. Meyers contends that a DVO can be compared to an injunction, and, like an injunction, a party bound by a DVO is obligated to obey its provisions as long as it remains in effect. *Gutierrez v. Commonwealth,* 163 S.W.3d 439, 441 (Ky.2005). Consequently, Meyers maintains that the family court could not extend the DVO's provision regarding counseling past its expiration date. According to Meyers, he only had a duty to attend the domestic violence counseling as long as the DVO remained in effect.

In addition to *Gutierrez,* Meyers relies on *Tobkin v. State,* 777 So.2d 1160 (Fla. Dist.Ct.App.2001). According to Meyers, Florida's intermediate appellate court held that the voluntary dismissal of a domestic violence injunction divested a trial court of the necessary jurisdiction to enforce one of the injunction's provisions requiring counseling. *Id.* at 1163. Applying the holding in *Tobkin* to the present case, Meyers argues that the expiration of the DVO divested the family court of authority to

force him to attend the previously-ordered domestic violence counseling. However, Meyers concedes that the family court could still punish him for his prior contemptuous behavior.

It has long been recognized that the courts of this Commonwealth have the inherent power to punish individuals for contempt. *Newsome v. Commonwealth,* 35 S.W.3d 836, 839 (Ky.App.2001). The Supreme Court of Kentucky has defined contempt as the willful disobedience of or the open disrespect for the court's orders or its rules. *Id.*

 Contempt falls into two categories: civil and criminal. Civil contempt is distinguished from criminal contempt not by the punishment meted out but by the purpose for imposing the punishment. *A.W. v. Commonwealth,* 163 S.W.3d 4, 10 (Ky.2005). An individual who has refused to abide by a court's order has committed civil contempt. *Newsome v. Commonwealth,* 35 S.W.3d at 839. In contrast, an individual has committed criminal contempt where his conduct has shown disrespect for the court's procedures or has obstructed the administration of justice or has brought the court into disrepute. *A.W. v. Commonwealth,* 163 S.W.3d at 11. Furthermore, criminal contempt includes those acts that obstruct the court's process, degrade its authority, or contaminate its purity. *Id.* When a court seeks to coerce or compel a course of action, the appropriate sanction is civil contempt. *Id.* However, when a court seeks to punish conduct that has already occurred or to vindicate its authority, the appropriate sanction is criminal contempt. *Id.; Miller v. Vettiner,* 481 S.W.2d 32, 35 (Ky.1972).

When Meyers refused to attend counseling, he refused to obey one of the family

---

the family court sentenced Meyers to 181 days' incarceration, so he was entitled to a

jury trial. However, by pleading guilty, Meyers waived his right to trial.

court's orders, thus, committing civil contempt. However, Meyers' conduct not only constituted civil contempt, but it also constituted criminal contempt. By willfully defying the DVO, Meyers demonstrated great disrespect for the family court, bringing the family court into disrepute and degrading its authority. Furthermore, as previously mentioned, the family court proposed to Meyers that if he would plead guilty to the allegation that he had failed to attend counseling, then the court would sentence him to 180 days' incarceration but would probate that sentence on the condition that Meyers complete counseling. Obviously, at this point, the family court was attempting to show Meyers leniency. Instead of taking advantage of the family court's magnanimity, Meyers rejected the court's proposal stating that, while he would plead, he would prefer to spend six months in jail rather than attend counseling. When given the opportunity to show contrition and make amends for his past contumacious behavior, Meyers defiantly continued to show disrespect and to further subvert the family court's authority.

 As previously mentioned, when exercising its contempt powers, a court has nearly unlimited discretion. *Smith*, 702 S.W.2d at 839. Moreover, a court not only has the right but also the duty to protect its authority and dignity against contemptuous conduct. *Marcum v. Commonwealth*, 272 Ky. 1, 113 S.W.2d 462, 466 (1938).

 In the present case, the family court found it necessary to take unortho-dox measures to instill contriteness within Meyers in order to both vindicate and preserve its dignity and authority. While we admit that it is unusual for a court to sentence someone to counseling, we recognize that when a court utilizes contempt to vindicate its authority and dignity, as here, its punishment should be reasonably related to the *nature* and *seriousness* of the party's contemptuous behavior. *U.S. v. Conole*, 365 F.2d 306, 308 (3d Cir.1966). Because Meyers had refused to attend court-ordered counseling, we find the family court's punishment, sentencing Meyers to that same counseling, to be particularly appropriate as it directly relates to Meyers' contumacious behavior. Consequently, while we certainly agree with the *Gutierrez* Court that one can analogize a DVO to an injunction and that a party bound by a DVO is only required to obey it as long as it remains in effect, we conclude that when the family court sentenced Meyers to complete domestic violence counseling, it was not attempting to enforce the defunct DVO but was properly exercising its contempt powers. We conclude that this was not an abuse of discretion.

Because the Boyle Family Court did not abuse its discretion, its order is affirmed.

ALL CONCUR.