RENDERED:  SEPTEMBER 18, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001134-ME


CHRIS CARNEY                                                    APPELLANT


                    APPEAL FROM MCCRACKEN CIRCUIT COURT
v.          HONORABLE DEANNA WISE HENSCHEL, JUDGE
                         ACTION NO. 11-CI-01059


HEATHER CARNEY (N/K/A
FOSTER)                                                          APPELLEE


                                OPINION
                               AFFIRMING

                          ** ** ** ** **

BEFORE:  ACREE, KRAMER, AND TAYLOR, JUDGES.

ACREE, JUDGE:  Chris Carney appeals the McCracken Circuit Court's June 24,

2019 order granting Heather Carney's motion for contempt, ordering Chris to

indemnify her from a debt incurred during the marriage, and sanctioning him by

denying his access to an Edward Jones account until Heather is indemnified.

Finding no error, we affirm.

# BACKGROUND

The parties divorced on July 5, 2012. However, the circuit court bifurcated the decree. All issues were eventually resolved in a supplemental decree issued on November 15, 2012. In that decree, Chris retained his business, Carneeds, Inc., including the real estate the business occupied. He was ordered to use his best efforts to release Heather from liens on the business loans, but the circuit court recognized it may not be possible to release Heather from notes she signed because the business was then losing money and the parties' residence was in foreclosure. (Trial Record (T.R.) at 238.) Regardless, Chris was to use his best efforts to accomplish these measures.

Soon thereafter, the parties filed a joint motion to supplement the decree regarding their agreement about the marital residence. The relevant portion reads as follows:

> Chris Carney further agrees that as to debts on the former marital residence he will indemnify and hold Heather Carney harmless thereon. Chris Carney agrees to use his best efforts to refinance the house so as to release Heather Carney from any liability. Heather Carney acknowledges that as the house is in foreclosure, Chris Carney may not be able to immediately refinance, but that he shall use his best efforts to refinance the house long term, so as to remove Heather Carney from any remaining liability on the note and mortgage.

(T.R. at 247.)

In 2019, seven years after the divorce was finalized, Heather received a notice concerning a Small Business Administration (SBA) loan Chris had taken for his business for which Heather was a co-signer. A balance of some $251,000 was due. Chris then filed for bankruptcy protection, but that only addressed Chris's liability and not Heather's liability. Heather filed a motion for rule, and a hearing was held on June 12, 2019.

The circuit court concluded that Chris attempted to refinance in 2014 but was unable to do so and, since that time, had failed to make any efforts to refinance or keep the loan current. Yet, Chris purchased a Corvette, boats, and other luxury items within the previous year. Ultimately, the circuit court found Chris did not use reasonable efforts to refinance this debt and held him in contempt. The circuit court ordered Chris to indemnify and hold Heather harmless on any claims made against her regarding the SBA loan and to pay Heather's attorney fees for filing the motion. To facilitate Chris's compliance, the circuit court's order prohibited Chris from cashing out or transferring any funds in his Edward Jones financial account, until further orders of the court, except to the extent those funds could be used in satisfying Chris's obligation to indemnify Heather. This appeal followed.

## STANDARD OF REVIEW

Trial courts have broad authority to enforce orders, including the conducting of contempt proceedings when necessary. *Commonwealth, Cabinet for Health and Family Services v. Ivy*, 353 S.W.3d 324, 332 (Ky. 2011). The standard for reviewing a trial court's use of its contempt powers is abuse of discretion, and the clear-error standard is applied to findings of fact. *Id.* Factual findings "shall not be set aside unless clearly erroneous[.]" CR[1] 52.01. "Findings of fact are not clearly erroneous if supported by substantial evidence." *Janakakis-Kostun v. Janakakis*, 6 S.W.3d 843, 852 (Ky. App. 1999) (citation omitted).

## ANALYSIS

Chris argues the circuit court abused its discretion in finding him in contempt and issuing sanctions because he was unable to refinance his loan. We disagree.

KRS[2] 403.180(5) provides: "Terms of the agreement set forth in the decree are enforceable by all remedies available for enforcement of a judgment, including contempt, and are enforceable as contract terms." There is an implied covenant of good faith and fair dealing in every contract, "and contracts impose on the parties thereto a duty to do everything necessary to carry them out." *Farmers*

---

[1] Kentucky Rules of Civil Procedure.

[2] Kentucky Revised Statutes.

*Bank and Trust Co. of Georgetown, Kentucky v. Willmott Hardwoods, Inc.*, 171

S.W.3d 4, 11 (Ky. 2005) (citation omitted).

> When a contract does not fix a time for performance of the contract or of any act or duty of the parties to it, there is no fixed rule to determine what constitutes a reasonable period. Rather, what is a reasonable time is to be determined by the facts and circumstances of each case. Ultimately, a court must make a subjective determination of what constitutes a reasonable period.

*Liggett Group, Inc. v. Commonwealth*, 232 S.W.3d 559, 563 (Ky. App. 2007)

(citations omitted). Along those lines, in *Crowder v. Rearden*, this Court said:

> A trial court has inherent power to punish individuals for contempt, *Newsome v. Commonwealth*, 35 S.W.3d 836, 839 (Ky. App. 2001), and nearly unfettered discretion in issuing contempt citations. *Smith v. City of Loyall*, 702 S.W.2d 838, 839 (Ky. App. 1986). We will reverse a finding of contempt only if the trial court abused its discretion in imposing the sentence. *Meyers v. Petrie*, 233 S.W.3d 212, 215 (Ky. App. 2007).

296 S.W.3d 445, 450 (Ky. App. 2009).

Chris seems to argue that refinancing the loan is an impossible task because of his financial situation. He contends his financial situation has actually worsened over the years, yet admitted he purchased luxury items because "it was something I wanted." (Video Record (V.R.) 06/12/2019; 02:25:00.) Chris has not attempted to refinance the loan in seven years and failed to make any payments during that time. Regardless, the circuit court chose to have him, at the very least, indemnify Heather from the SBA loan as was agreed in the supplemental decree in

2012.  We reiterate that the implied covenant of good faith and fair dealing in every contract imposes a duty to do everything necessary to carry it out.  *Farmers Bank and Trust*, 171 S.W.3d at 11.  We find no error.

We also conclude it was not an abuse of discretion for the circuit court to prohibit Chris from cashing out or transferring funds from his Edward Jones account until further orders.  The circuit court stated the money can be used to protect Heather on any indebtedness.  "The purpose of civil contempt is to coerce rather than punish.  Ultimately, then, the defining characteristic of civil contempt is the fact that contemnors 'carry the keys of their prison in their own pockets.'" *Blakeman v. Schneider*, 864 S.W.2d 903, 906 (Ky. 1993).  The primary purpose was not to punish, but rather to urge his obedience to and respect for an order of the court.  *Hardin v. Summitt*, 627 S.W.2d 580, 581-82 (Ky. 1982).

The sanction was merely a tool to compel compliance.  If Chris chooses to refinance or indemnify Heather in another way, then the circuit court would revisit the order.

## CONCLUSION

Finding no error, we affirm the McCracken Circuit Court's June 24, 2019 order.

ALL CONCUR.

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Heather L. Jones                        Alisha Kay Bobo
Paducah, Kentucky                       Paducah, Kentucky