RENDERED: SEPTEMBER 30, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0938-MR

NORMA TERRY                                                                 APPELLANT

v.

APPEAL FROM GREENUP CIRCUIT COURT
HONORABLE JEFFREY L. PRESTON, JUDGE
ACTION NO. 18-CI-00421

MARK TERRY                                                                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, GOODWINE, AND JONES, JUDGES.

JONES, JUDGE:  Norma Terry appeals from an order of the Greenup Family

Court finding her in contempt for failure to sign a quitclaim deed for real property

awarded to her former spouse, Mark Terry, in the parties' dissolution of marriage.

After careful review, we affirm.

# I. Factual and Procedural Background

Norma and Mark were married in 2000. Prior to the marriage, the parties executed a prenuptial agreement containing a clause that stated its construction and enforcement were to be governed in accordance with the laws of West Virginia. The prenuptial agreement also contained a clause that stated, in relevant part,

> **in the event that Mark and Norma shall acquire any real property during their contemplated marriage, this property shall be the sole property of Mark free and clear from any and all claims of Norma even if the same should be titled in both parties['] names. It is the intention of this Agreement that Mark and Norma each acknowledge that any real property acquired during the marriage shall be the sole and separate property of Mark regardless of how the same is titled**.

(Emphasis original.)

Mark filed for divorce in 2018. During the dissolution proceedings, the parties argued over whether Kentucky or West Virginia law should govern the prenuptial agreement and the issue was extensively briefed. On January 28, 2019, the family court entered an order concluding the law of West Virginia "shall govern and enforces the ability and interpretation of the prenuptial agreement."

The record before us indicates a hearing was held on March 26, 2019. Mark characterizes this as a "final hearing" both in the record and in his brief to

this Court. However, neither party filed a designation of record pursuant to CR[1] 75.01. As a result, none of the hearings that took place in the family court are contained in the record before us. However, a hand-written order contained in the record, entered by the family court on March 26, 2019, indicates the parties once again argued with one another over the validity of the prenuptial agreement. Following the hearing, the family court provided the parties with twenty days to file post-hearing memoranda.

On June 18, 2019, Norma filed a motion to "set aside real property as a non-marital asset." Norma argued the parties' marital home was purchased with funds received from the settlement of her workers' compensation claim with her former employer, and therefore, should be considered her sole property. Mark filed a response stating, in part, that the parties had already been before the family court for a final hearing although no order had yet been entered regarding the distribution of property. He also stated he paid Norma's insurance, not her employer. The family court entered an order on October 23, 2019, finding that Norma had the opportunity to discuss the prenuptial agreement with an attorney before signing it, yet she chose not to do so, and the prenuptial agreement was valid. The family court also set the matter for a final hearing on December 16, 2019.

---

[1] Kentucky Rule of Civil Procedure.

The family court entered findings of fact, conclusions of law, and a decree of dissolution on January 8, 2020. In relevant part, the family court ordered "that the disposition of property and marital assets shall be divided in accordance with the provisions of the parties' Prenuptial Agreement which is filed of record." The family court's dissolution decree finally ordering the distribution of property was not appealed by either party.

On February 13, 2020, Mark filed a motion for contempt and for a bench warrant. In this motion, Mark alleged that Norma refused to return his personal belongings and sign the quitclaim deed concerning the marital residence. The matter was set for a hearing on March 10, 2020. Neither Norma nor her counsel appeared. Norma's counsel contacted the family court by telephone the evening prior to the hearing to reschedule, but was informed a motion for continuance must be filed.[2] Counsel did not file a motion. The family court entered an order on March 13, 2020, finding Norma in contempt and ordering her to return Mark's personal property and to sign the quitclaim deed. The family court further sentenced Norma to 180 days' incarceration in the Greenup County Detention Center if she failed to return the items and sign the quitclaim deed by March 17, 2020.

---

[2] The order setting the matter for hearing entered February 19, 2020, stated, in relevant part, that "[a] continuance of said hearing shall not be granted without proper motion before the Court."

On March 18, 2020, Mark filed a motion for a bench warrant, stating Norma had not turned over the personal items or signed the quitclaim deed. The family court set the matter for a hearing on July 14, 2020. On April 20, 2020, Norma filed two motions. The first objected to the March 13, 2020 order, and requested the family court stay the order. The second motion was a re-filing of Norma's motion to set aside the marital residence as a non-marital asset. After a hearing, the family court found the orders entered on January 8, 2020 (*i.e.*, the decree of dissolution) and March 13, 2020, were final orders. The decree of dissolution was not appealed and Norma's motion to stay the March 13, 2020 order was filed later than ten days from entry. The family court gave Norma until July 17, 2020, to comply with its orders or report to the Greenup County Detention Center to serve 180 days' incarceration. This appeal followed.

## II. STANDARD OF REVIEW

A trial court has broad authority to enforce its orders, including contempt proceedings. *Lewis v. Lewis*, 875 S.W.2d 862 (Ky. 1993). We review the trial court's exercise of its contempt powers for abuse of discretion. *Id.* at 864.

## III. ANALYSIS

Norma indicates in her brief to this Court that her "June [19, 2020] Motion to set aside was heard in late October, 2019. The [family] court held that the Motion could not be heard until it determined the validity of the Prenuptial

-5-

Agreement."[3]  On October 23, 2019, the family court ordered that the prenuptial agreement was valid and set the matter for a final hearing in December 2019. Further, the family court held a hearing on July 14, 2020, to address various motions, including Norma's second motion to set aside the marital residence as non-marital property.  We reiterate that there are no hearings in the record before us.

> It is the responsibility of the appellant to present a complete record to this Court for review. *Chestnut v. Commonwealth*, 250 S.W.3d 288, 303 (Ky. 2008).  When the record is incomplete, we assume the omitted record supports the trial court's decision. *Commonwealth v. Thompson*, 697 S.W.2d 143, 145 (Ky. 1985) (citing *Commonwealth, Dept. of Highways v. Richardson*, 424 S.W.2d 601, 604 (Ky. 1968)).

*S.T. v. Cabinet for Health and Family Services*, 585 S.W.3d 769, 777-78 (Ky. App. 2019) (citation omitted).  Accordingly, we must assume that the omitted hearings support each of the family court's orders, including the July 15, 2020 order currently on appeal.

Norma characterizes the July 15, 2020 order as the order "requiring the distribution of real property."[4]  We disagree.  The family court entered findings of fact and conclusions of law on January 8, 2020.  At that time, the family court

---

[3]  *See* page 2 of Appellant's brief.

[4]  *See* page 3 of Appellant's brief.

ordered the property distribution shall be in accordance with the parties' prenuptial agreement (*i.e.*, all real property acquired during the marriage shall be awarded to Mark). The January 8, 2020 order was not appealed and therefore became final thirty days after entry.[5] Therefore, the only issue before us is whether the family court abused its discretion when it held Norma in contempt.

> Contempt is the willful disobedience toward, or open disrespect for, the rules or orders of a court. Contempt can be classified as civil or criminal. Civil contempt is when someone fails to follow a court order to do something. That something is usually for the benefit of a party litigant (*e.g.*, pay child support, allow visitation, fix something by a certain date, move a driveway, clean up a spill, close a business by a certain hour, provide discovery, etc.). A judge may incarcerate someone for civil contempt in order to motivate the person to obey the court order, but the contemptuous one is entitled to be released upon compliance with the court's order. Criminal contempt, on the other hand, is when a person disobeys a court order out of disrespect for the rules or orders of court. A contemptuous person can be incarcerated for criminal contempt; but unlike civil contempt, the primary purpose of criminal contempt is to punish the contemptuous conduct.

*Gormley v. Judicial Conduct Commission*, 332 S.W.3d 717, 725-26 (Ky. 2010) (internal quotation marks and footnotes omitted). Because Norma was ordered to serve 180 days' incarceration for her repeated failure to sign the quitclaim deed, she was found in civil contempt. The jail sentence was ordered in an attempt to

---

[5] CR 73.02(1)(a) provides "[t]he notice of appeal shall be filed within 30 days after the date of notation of service of the judgment or order under Rule 77.04(2)."

-7-

induce Norma to sign the agreement and she held the power to stop its imposition in her hands. *Commonwealth v. Burge*, 947 S.W.2d 805, 808 (Ky. 1996) ("While one may be sentenced to jail for civil contempt, it is said that the contemptuous one carries the keys to the jail in his pocket, because he is entitled to immediate release upon his obedience to the court's order.").

"The conditional nature of imprisonment, based entirely upon the contemnor's continued defiance of the court order, justifies holding civil contempt proceedings absent the safeguards of indictment and jury, provided that the usual due process requirements are met." *Blakeman v. Schneider*, 864 S.W.2d 903, 906 (Ky. 1993). "Notice and the opportunity to be heard . . . are sufficient in such cases to satisfy the demands of due process." *Cabinet for Health and Family v. J.M.G.*, 475 S.W.3d 600, 615-16 (Ky. 2015).

Careful review of the record before us shows Norma had notice of the contempt proceedings against her and multiple opportunities to be heard. Mark filed his first motion on February 13, 2020, and the family court set the matter for a hearing on March 10, 2020. Although Norma had notice of the hearing, her attempt to reschedule at the last minute was not in accordance with prior orders of the family court, and she was not present at the hearing. On March 13, 2020, the family court entered an order finding Norma in contempt and giving her a deadline to comply. When she did not, Mark filed another motion. There were

-8-

approximately four months between the date Mark filed his second motion and the date the family court conducted a second contempt hearing. It was not until this intervening period that Norma moved the family court to stay the March 13, 2020 order – long past the ten-day requirement provided in CR 59.05. We agree with the family court that the order was final long before Norma filed her motion.

"The purpose of civil contempt authority is to provide courts with a means for enforcing their judgments and orders, and trial courts have almost unlimited discretion in applying this power." *Smith v. City of Loyall*, 702 S.W.2d 838, 838-39 (Ky. App. 1986). The family court did not abuse its discretion when it found Norma in contempt and ordered her to either sign the quitclaim deed or report to the Greenup County Detention Center to serve 180 days' incarceration in its July 15, 2020 order.

## IV. CONCLUSION

For the foregoing reasons, the order of the Greenup Family Court is affirmed.

CALDWELL, JUDGE, CONCURS.

GOODWINE, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.

BRIEF FOR APPELLANT:

Derrick E. Willis
Grayson, Kentucky

BRIEF FOR APPELLEE:

Tracy D. Frye
Marie E. Troxler
Nikki Burke
Russell, Kentucky