RENDERED:  JANUARY 13, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0564-MR

DONALD J. NEWTON        APPELLANT

APPEAL FROM BULLITT CIRCUIT COURT
v.       HONORABLE ELISE GIVHAN SPAINHOUR, JUDGE
ACTION NO. 18-CI-00213

SHEILA NEWTON; HON. ELISE G.
SPAINHOUR, IN HER OFFICIAL
CAPACITY; AND
COMMONWEALTH OF KENTUCKY       APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, LAMBERT, AND McNEILL, JUDGES.

McNEILL, JUDGE:  During a hearing on December 12, 2019, the Bullitt Circuit Court, Family Division, held Appellant, Donald J. Newton in direct, criminal contempt of court for inexcusable courtroom behavior.  As a result, Appellant was sentenced to serve two days in the Bullitt County Detention Center (BCDC).  After Appellant was removed from the courtroom, he exhibited medical distress and was

transported to the hospital instead of BCDC. Appellant was in custody at the time and under the supervision of a law enforcement officer. There being no indication that Appellant was a danger to himself or others, the custodial officer was subsequently relieved of his duty by the circuit court. Thereafter, Appellant was discharged from the hospital but did not report to BCDC to serve his contempt sentence.

After failing to appear before the court pursuant to a show cause order, a bench warrant was issued for Appellant's arrest. Pursuant thereto, he was arrested on December 29, 2020, in Jefferson County, Kentucky. A discovery hearing was held on April 27, 2021. In an order entered on April 30, 2021, the court determined that Appellant's original two-day contempt sentence had been satisfied due to his continuous incarceration since his arrest. The court then ordered him to serve an additional sixty days for indirect criminal contempt, as a result of his repeated failure to comply with the court's orders. Appellant appeals to this court as a matter of right. His sole argument on appeal is that the circuit court abused its discretion. For the following reasons, we disagree.

## **STANDARD OF REVIEW**

> Criminal contempt can be either direct or indirect.
> A direct contempt is committed in the presence of the
> court and is an affront to the dignity of the court. It may
> be punished summarily by the court, and requires no fact-
> finding function, as all the elements of the offense are
> matters within the personal knowledge of the court.

-2-

Indirect criminal contempt is committed outside the presence of the court and requires a hearing and the presentation of evidence to establish a violation of the court's order. It may be punished only in proceedings that satisfy due process.

*Commonwealth v. Burge*, 947 S.W.2d 805, 808 (Ky. 1996) (citations omitted).

Furthermore, as summarized in *Meyers v. Petrie*:

When a court exercises its contempt powers, it has nearly unlimited discretion. Consequently, we will not disturb a court's decision regarding contempt absent an abuse of its discretion. The test for abuse of discretion is whether the trial [court's] decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.

233 S.W.3d 212, 215 (Ky. App. 2007) (internal quotation marks and citations omitted). With these standards in mind, we now turn to the argument and facts of the present case.

## ANALYSIS

To be clear, Appellant is not contesting the validity of his original two-day sentence for direct, criminal contempt. Rather, he is contesting the sixty-day indirect contempt sentence issued by the court in its final order. A discovery hearing was held on the underlying matter on April 27, 2021. Therein, law enforcement officer testimony indicated that Appellant was to immediately report to BCDC after his release. Appellant testified that he eventually attempted to turn himself in but was turned away. There was no evidence corroborating this.

As previously stated, Appellant was eventually arrested pursuant to a bench warrant that was issued for failure to appear before the circuit court, nearly one year after he was originally sentenced for criminal contempt. As a result of his repeated failure to comply with the court's directives, Appellant was sentenced to serve sixty days in BCDC. The court specifically found Appellant's conduct to be willful and that he had a history of "credibility issues." Considering the immense discretion afforded the circuit court and the record presented, we cannot conclude that the circuit court abused its discretion. Therefore, we affirm the Bullitt Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Steven J. Buck
Frankfort, Kentucky

BRIEF FOR APPELLEE
COMMONWEALTH OF
KENTUCKY:

Daniel Cameron
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General
Frankfort, Kentucky