RENDERED: APRIL 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1503-MR

BILLIE CHILDERS                                                        APPELLANT

                    APPEAL FROM PIKE CIRCUIT COURT
v.                  HONORABLE W. KENT VARNEY, JUDGE
                    ACTION NO. 19-CI-00248

DANNY CHILDERS                                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, JONES, AND McNEILL, JUDGES.

JONES, JUDGE: Acting without the assistance of counsel, Billie Childers appeals

the Pike Circuit Court's decree of dissolution. Although not entirely clear, it

appears that Billie takes issue with the trial court's order that numerous items of

marital property be referred to and sold by the master commissioner as well as its

order relating to her motions to hold Danny in contempt. Following review of the

record and all applicable law, we affirm.

# I.    BACKGROUND

Danny and Billie were married in 1984. After approximately three decades, Danny filed for divorce on March 5, 2019.[1] Danny and Billie were co-owners of "C & C Carpet and Vinyl Outlet" in Pikeville, Kentucky. They also had various other properties in and around Pike County, and in Okeechobee, Florida, as well as multiple vehicles. Danny requested if the parties could not come to an equitable solution to divide the marital property, that it be judicially sold. Thus, began what could only be described as acrimonious motion practice, court proceedings, and failed attempts to manage their properties and businesses together.

Billie asked that she be given control of the carpet business. She stated she ran the day-to-day operations, and that she is the sole member and officer according to the paperwork on-file with the Secretary of State. Testimony at the final hearing revealed Danny supplied some start-up money for the business, and to some degree they each participated in the daily operation of the business. At first, the trial court ordered the parties to close the business pending resolution of the divorce. Fearing bankruptcy, they pleaded with the trial court to allow the

---

[1] Kentucky is a no-fault state for dissolution. To the extent that Billie lists any infidelity Danny may have engaged in, it is not relevant. Kentucky Revised Statutes (KRS) 403.190(1).

business to remain open. They attempted to work alongside each other but were unable to do so.

During the pendency of the dissolution action, Danny and Billie filed a slew of motions related to their properties, each requesting temporary use of vehicles, homes, and other personal property, and as related to the businesses and its accounts. In August of 2019, the trial court took up the pending motions at a hearing. The trial court noted that the parties had made some progress in reaching a settlement and provided them with an additional week to work out an agreement between themselves. However, they were not able to reach a final agreement, and the trial court set the matter for a final hearing. In the meantime, the trial court entered orders pertaining to the handling of monies generated by their properties and other business-related and property matters. Motions for contempt were filed by the parties related to their failures to abide by the orders.

The trial court held a two-part final hearing on January 23, 2020, which concluded on August 7, 2020.[2] Danny and Billie respectively testified about the marital property. Additionally, Danny's daughter and grandson testified.

Following completion of the final hearing, the trial court entered its findings of fact, conclusions of law, and final decree of dissolution of marriage on September 8, 2020. It found that most of their property was marital in nature and

---

[2] Danny represented himself *pro se* at the second part of the hearing.

would be referred to the master commissioner for sale. As to C & C Carpet, the trial court ordered the contents of the business's properties to be inventoried and sold, and further for the master commissioner to determine if the warehouse could be removed from the property it is leased on and sold. Billie timely filed a motion to reconsider and/or motion to alter, amend, or vacate; motion for more specific findings, specifically requesting the circuit court reconsider as to C & C Carpet. She additionally requested that the circuit court reconsider its order to sell the properties. She stated that the circuit court could have equitably divided the items, and that to try and sell everything in the middle of the COVID-19 pandemic was detrimental to the parties. The trial court denied the relief sought by Billie related to the properties.[3]

## II. ANALYSIS

Billie's brief is disjointed and somewhat difficult to follow. Additionally, it fails to comply with many of this Court's briefing requirements. RAP[4] 32(A). Most problematic, Billie fails to cite to the record, including where the issues she raises as part of this appeal were preserved below as required by our Rules of Appellate Procedure. Specifically, RAP 32(A)(4) requires an argument

---

[3] The trial court did amend its order as related to certain issues; however, those issues do not appear to be at issue in the instant appeal.

[4] Kentucky Rules of Appellate Procedure. By Supreme Court order, the new appellate procedural rules replacing those contained within the Kentucky Rules of Civil Procedure (CR) took effect January 1, 2023. RAP 32(A) is virtually identical to the prior briefing rule, CR 76.12(4).

section containing "citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." "If a party fails to inform the appellate court of where in the record [her] issue is preserved, the appellate court can treat that issue as unpreserved." *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021). We review such unpreserved issues for manifest injustice. *Id.*

Even though we recognize that Billie is a *pro se* litigant, we are not required to scour the record to ascertain how she preserved the issues on appeal. *Koester v. Koester*, 569 S.W.3d 412, 415 (Ky. App. 2019). The record below is quite large due to the parties' voluminous motion practice, and the hearing was rather long. Billie's brief is rambling at times and makes numerous references to irrelevant matters such as Danny's lack of fidelity during the parties' marriage making it hard to pinpoint exactly how Billie contends the trial court erred. Because we are unable to ascertain whether Billie properly preserved her assignments of error below, we have elected to review this appeal for manifest injustice only.

The best we can tell, Billie's appeal raises two issues: (1) that the trial court abused its discretion when it ordered the marital property sold by the master

commissioner instead of parceling it out between the parties; and (2) that the trial court did not sanction Danny for contempt for his violation of past orders.

Pursuant to KRS 403.190, courts use a three-step process to divide the marital estate:  (1) characterize each item of property as marital or nonmarital; (2) assign each party's nonmarital property to that party; and (3) finally, divide the marital property between the parties. *McVicker v. McVicker*, 461 S.W.3d 404, 416-17 (Ky. App. 2015).

The parties in this case had accumulated a vast amount of property over their lengthy marriage.  After awarding the parties their personal property, the trial court determined that since the parties could not agree, the fairest way to proceed would be to refer the marital property to the master commissioner for sale, and then divide any remaining amounts after the payment of the parties' many debts.  Danny assented to this method of division while Billie would have preferred to have the trial court attempt to divide the numerous items of property.

The property included numerous automobiles, household items, and real estate; the value of much of the property would have been difficult to ascertain with any degree of certainty.  In the face of the parties' inability to agree and the numerous items subject to division, the trial court elected to refer all the marital property to the master commissioner for sale.  We cannot conclude the trial court

abused its discretion or that its actions in referring the marital property for sale resulted in any manifest injustice.

In her second argument, Billie suggests that the trial court did not fully address all her contempt motions and/or did not punish Danny for violating prior court orders. The record suggests otherwise. The trial court's final order found both parties in contempt of court for violating previous orders. The order states: "[t]he parties have both been found in Contempt of this Court and shall each have One Hundred (100) days of incarceration probated for a two (2) year period. If there are any violations of any Order of this Court, the party who violated shall serve the One Hundred (100) days." A trial court has considerable discretion in sanctioning contempt. *Meyers v. Petrie*, 233 S.W.3d 212, 215 (Ky. App. 2007). We cannot conclude that the trial court's exercise of its contempt powers was improper or manifestly unjust.

### III.  CONCLUSION

For the foregoing reasons, we affirm the order of the Pike Circuit Court.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Billie Lynn McKinney Childers, *pro se*
Pikeville, Kentucky

BRIEF FOR APPELLEE:

Justin C. Hamilton
Pikeville, Kentucky