RENDERED: SEPTEMBER 29, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0014-MR

TROY WEED                                                                 APPELLANT

APPEAL FROM BULLITT CIRCUIT COURT
v.       HONORABLE ELISE GIVHAN SPAINHOUR, JUDGE
ACTION NO. 00-C-00916

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES, EX REL.
TRACY D. LOWERY                                                          APPELLEE

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE: CETRULO, DIXON, AND McNEILL, JUDGES.

DIXON, JUDGE: Troy Weed appeals from the order holding him in contempt of

court for failure to pay his court-ordered child support obligation, entered on

October 6, 2021, by the Bullitt Circuit Court. After careful review of the briefs,

record, and law, we dismiss this action pursuant to the Fugitive Disentitlement

Doctrine (FDD).

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Paternity, child support, and medical coverage were established against Weed for his daughter in South Carolina. In 1999, Weed's obligations were transferred to Kentucky, although he was not initially served until 2000. In 2007, an agreed order was entered requiring Weed to pay $168 a month for child support. Weed fell behind, was incarcerated, and lost his driver's license for flagrant nonsupport. Weed's daughter reached the age of majority in 2015, and Weed's ongoing obligation for child support ended; however, he had amassed a sizable arrearage, in excess of $8,000 for missed payments and public assistance provided on behalf of his daughter, to South Carolina which is still owed.[1]

In January 2021, having received no payments for over two years, only one partial payment in each of the two years preceding that, and no payments for the eight years prior thereto, the Commonwealth of Kentucky, Cabinet for Health and Family Services (Cabinet), moved to hold Weed in contempt for failure to pay his court-ordered child support. Weed made two partial payments in January and two payments in June 2021. In August 2021, a hearing was held, at which Weed and a caseworker testified.

---

[1] According to the Cabinet's payment log, Weed made than less than 20 payments toward his obligation from 2007 through October 7, 2021, totaling $1,047.18.

In September 2021, an order was signed by the trial court finding Weed in contempt. He was sentenced to 120 days to serve, conditionally discharged upon payment of $125 per month toward arrears totaling $8,564.41. Weed attempted to appeal the contempt order, but in October 2021, the trial court entered an order stating there was no order to appeal since the contempt order had not yet been entered. The contempt order was entered the following day. Afterward, the Commonwealth moved to impose the sentence as Weed had not made a payment since June. A hearing was held in December 2021; Weed did not appear, and a bench warrant was issued. This belated appeal followed.

## LEGAL ANALYSIS

On appeal, the Commonwealth moved our court for dismissal under the FDD. This issue was passed from a motion panel to this merits panel.

"The [FDD] recognizes the principle that when a criminal defendant absconds and remains a fugitive during his or her appellate process, dismissal of the appeal is an appropriate sanction." *Commonwealth v. Hess*, 628 S.W.3d 56, 57 (Ky. 2021). Weed asserts that the FDD is not applicable under these facts because his appeal is guaranteed by Section 115 of the Kentucky Constitution. Because the characterization of Weed's appeal as constitutional is incorrect, we disagree.

As recognized by the Court in *Hess*, Section 115 of the Kentucky Constitution[2] "confers to a defendant a single, direct appeal as a matter of right." 628 S.W.3d at 59-60 (citing *Hollon v. Commonwealth*, 334 S.W.3d 431, 435 (Ky. 2010) (single appeal as a matter of right), and *Moore v. Commonwealth*, 199 S.W.3d 132, 137 (Ky. 2006) (first appeal is a matter of constitutional right)). In the case herein, Weed is not challenging a judgment of conviction but, rather, a collateral, post-judgment order of contempt. "The right to appeal to the Court of Appeals from a collateral, post-conviction circuit court order is statutory, not constitutional." *Hess*, 628 S.W.3d at 60; KRS[3] 22A.020. Accordingly, Weed misclassified his right to appeal the order of contempt as a constitutional right.

The FDD acknowledges the court's discretion to dismiss non-constitutional appeals to prevent a defendant from realizing a reward under the rules of the legal system from which he has simultaneously absented himself. *Id.* at 61. As in *Hess*, this action "is a perfect example of when the FDD should be applied since it is fundamentally offensive that a person who has removed [him]self from the justice system should potentially reap its benefits should the appellate process decide in [his] favor. [Weed's] actions are exactly what the FDD

---

[2] "In all cases, civil and criminal, there shall be allowed as a matter of right *at least one* appeal to another court[.]" (Emphasis added.)

[3] Kentucky Revised Statutes.

intended to prevent." *Id* at 59. *See also Anderson v. Commonwealth*, No. 2021-CA-0692-DG, 2023 WL 3555506 (Ky. App. May 19, 2023).

Even if the FDD did not apply, Weed's appeal lacks merit. When exercising its contempt powers, a court has nearly unlimited discretion. *Smith v. City of Loyall*, 702 S.W.2d 838, 839 (Ky. App. 1986). "Consequently, we will not disturb a court's decision regarding contempt absent an abuse of its discretion." *Meyers v. Petrie*, 233 S.W.3d 212, 215 (Ky. App. 2007). "The test for abuse of discretion is whether the trial [court's] decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

Weed argues the trial court erred because he did not willfully disobey a court order. However, just as in *Commonwealth, Cabinet for Health & Family Services v. Ivy*, 353 S.W.3d 324 (Ky. 2011) – cited by Weed – there was no dispute concerning the Cabinet's prima facie case. Weed contested neither the validity of the child support order nor the amount of his arrears. *Id.* at 333. The burden was his, therefore, to show that he was unable to comply. *Id.* He failed to do so.

"Having found a party in contempt, the court's next task is to fashion a remedy." *Id.* at 334. It can, as a compensatory remedy, order payments toward arrears in an affordable amount and/or order imprisonment for past non-compliance. *Id.* at 335. Here, the trial court ordered both. The prison term of 120

days was to be conditionally discharged based on Weed's making reasonable payments of $125 per month toward the arrears. Weed does not challenge this remedy; instead, he insists he did not willfully ignore the court's order because he did not know he was still obligated to pay.

Weed's argument that he was unaware or unsure of his child support obligation is not borne out by the record. Losing his driver's license in 2018 for failure to pay was an obvious clue regarding his obligation. The receipt of regular notices from the Cabinet was another. The January 2021contempt motion was yet another. Even his payments – as few, little, and sporadic as they were – also belie his contention. We will not reward Weed for placing his head in the sand in hopes his obligation would magically disappear. Accordingly, had this case not been an appropriate one for dismissal under the FDD, the trial court's contempt order would be affirmed on these grounds.

## CONCLUSION

Therefore, and for the foregoing reasons, it is hereby ORDERED that this appeal be, and it hereby is, DISMISSED.

McNEILL, JUDGE, CONCURS.

CETRULO, JUDGE, CONCURS IN RESULT ONLY.

ENTERED: __09-29-2023__                         _____
                                                JUDGE, COURT OF APPEALS


BRIEFS FOR APPELLANT:              BRIEF FOR APPELLEE:

Steven J. Buck                     Daniel Cameron
Frankfort, Kentucky                Attorney General of Kentucky

                                   Stephanie L. McKeehan
                                   Assistant Attorney General
                                   Frankfort, Kentucky