RENDERED: MAY 2, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0173-MR

DARIAN R. CLAY                                                    APPELLANT

v.              APPEAL FROM OLDHAM CIRCUIT COURT
                HONORABLE DOREEN S. GOODWIN, JUDGE
                ACTION NO. 20-CI-00205

MARICARMEN RIVERA                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND LAMBERT, JUDGES.

ACREE, JUDGE: Darian Clay, *pro se*, appeals the Oldham Circuit Court, Family
Division's July 20, 2023 order denying his motions to hold Maricarmen Rivera in
contempt and modifying a therapy requirement, as well as the court's January 10,
2024 order awarding Rivera attorney's fees. We affirm.

In September 2021, the court entered a custody order for the parties'
minor child, H.C. The court declined to award Rivera sole custody, but Clay was
restricted to supervised parenting time and ordered to set up parent-child therapy

with provider Mark Cain. In June 2022, the court entered an order maintaining restrictions on Clay's visitation, but also requiring Rivera to reach out to Cain about incorporating H.C. into Clay's therapy sessions, and both parties were "ordered to cooperate with the therapist and comply with any recommendations." (Record (R.) 159.)

In August 2022, Clay filed a motion to hold Rivera in contempt alleging her failure to comply with the court's order by enrolling H.C. in therapy with a second provider, Jessica Cowick. (R. 165.) Clay also sought a temporary injunction to prevent Rivera from removing the child from therapy with Cain.

In September 2022, Clay filed a motion styled as a motion to modify *custody*, although the motion stated it was pursuant to KRS[1] 403.320(3), which pertains to modifying *visitation*. (R. 173.) That same day, Clay also filed a motion to have Rivera undergo a mental health assessment. (R. 176.) He also filed a new motion for injunctive relief regarding therapy. (R. 177.)

In October 2022, Clay filed a second motion for Rivera to be held in contempt for violating the family court's order regarding visitation. (R. 181.) Despite having filed numerous motions with the family court in the preceding months, Clay also filed a motion to transfer venue to Jefferson Circuit Court. (R.

---

[1] Kentucky Revised Statutes.

186.)[2]  Rivera responded to Clay's various pending motions, and also made her own motion for attorney's fees, asserting Clay's pending motions served "no purpose other than to annoy or harass."  (R. 192.)

Following scheduled hearings, the family court entered its order denying Clay's motions for contempt and modifying the therapy requirement. With respect to the therapy requirement, the family court decided H.C. will continue seeing Cowick, and parent-child therapy with H.C. and Clay will not take place until recommended by Cowick.  (R. 247.)  Clay filed a motion to alter, amend, or vacate pursuant to CR[3] 59.05, (R. 273), which was accompanied by a lengthy affidavit setting forth a multitude of grounds, and attaching several exhibits.  (R. 249-71).  Rivera filed another motion for attorney's fees alleging Clay's motion was "specious and untimely."  (R. 273.)  The family court denied Clay's motion to alter, amend, or vacate, and granted Rivera's motion for attorney's fees, in part, awarding her $400.00.  (R. 286-88.)  This appeal followed.

---

[2] When Clay filed the motion, he had already failed to persuade this Court on three separate occasions that the Oldham Circuit Court was an improper venue in this and related matters.  *See Clay v. Rivera*, No. 2019-CA-0938-MR, 2020 WL 748726 (Ky. App. Feb. 14, 2020) (rejecting that Oldham Circuit Court lacked jurisdiction or was an inappropriate venue for domestic violence action); *Clay v. Rivera*, No. 2020-CA-1255-MR, 2021 WL 3935393 (Ky. App. Sep. 3, 2021) (affirming Jefferson Circuit Court's determination Oldham Circuit Court was the proper venue for custody action); and *Clay v. Rivera*, No. 2021-CA-0815-MR (rejecting writ of prohibition alleging Oldham Circuit Court lacked jurisdiction and was an improper venue for custody action).

[3] Kentucky Rules of Civil Procedure.

Within the burden-shifting framework of civil contempt, once a presumption of contempt arises, it may be rebutted if "the alleged contemnor [shows], clearly and convincingly, that he or she was unable to comply with the court's order or was, for some other reason, justified in not complying." *Commonwealth, Cabinet for Health and Family Services v. Ivy*, 353 S.W.3d 324, 332 (Ky. 2011). If the alleged contemnor successfully rebuts the presumption, "the trial court must make its determination from the totality of the evidence, with the ultimate burden of persuasion on the movant." *Id.* (citations omitted).

A trial court's disposition of a contempt motion is tested for an abuse of discretion. *Meyers v. Petrie*, 233 S.W.3d 212, 215 (Ky. App. 2007). "The test for abuse of discretion is whether the trial [court's] decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* (citations omitted). The denial of a contempt motion is appealable. *Smith v. City of Loyall*, 702 S.W.2d 838, 839 (Ky. App. 1986).

In the matter at hand, the family court denied Clay's motion to hold Rivera in contempt, concluding it was:

> without sufficient proof to find [Rivera] in contempt of the June 29, 2022, Order. [Rivera] had what appears to be a legitimate concern regarding allegations made by the child and she found it necessary to explore those allegations through therapy rather than potentially expose the child to additional harm. She was justified in both withholding reunification therapy and any visitation.

(R. 247-48.)  The trial court's order cited both Rivera and the minor child's testimony in concluding Rivera was justified in her noncompliance.

Based on that same testimony, the family court's order also modified the therapy requirement.  Modifications of visitation are reviewable.  *Anderson v. Johnson*, 350 S.W.3d 453, 456 (Ky. 2011).  A family court's decision to modify visitation is also tested for an abuse of discretion.  *Layman v. Bohanon*, 599 S.W.3d 423, 431 (Ky. 2020).

With respect to the family court's decisions regarding contempt and the therapy requirement, Clay primarily argues the family court abused its discretion by failing to make requisite findings on several issues.  For one, Clay faults the family court for citing testimony "without indicating [the testimony] was true and if such truthfulness was judged on the witness's demeanor, forthrightness, appearance, and body language."  (Appellant's Br. 7.)  CR 52.01 states that factual findings "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."  The rule merely reiterates that credibility determinations are the province of our trial courts.  The rule does not require our trial courts to make express credibility determinations, much less furnish the exacting analysis Clay demands, concerning "demeanor, forthrightness, appearance, and body language," *etc.*  Clay cites no authority for such a proposition.  In this matter, the family court concluded Rivera

"had what appears to be a legitimate concern" and that she was "justified in both withholding reunification therapy and any visitation." (R. 247-48). Implicit in that conclusion is that the family court found Rivera and H.C.'s testimony credible, a finding this Court owes deference.

Similarly, Clay argues the family court's order failed to make any findings and conclusions regarding the best interests of the child. (Appellant's Br. at 7.) This is refuted by the record. The family court's order plainly states: "*It is in H.C.'s best interest* to continue to work with Ms. Cowick as the two have built trust and rapport." (R. 247 (emphasis added).) The family court made a best-interests determination and explained its basis. As Clay fails to acknowledge the family court's determination, he also fails to explain why that determination is insufficient.[4] Clay also argues the family court failed to comply with CR 52 by "failing to make specific findings to support [H.C.] seeing Dr. Cowick and the indefinite suspension of reunification therapy." (Appellant's Br. 10.) This is likewise refuted by the record, as the family court cited Rivera's "legitimate

---

[4] Clay does cite KRS 403.270(2), the non-exhaustive list of factors a trial court must consider to "determine custody." However, while KRS 403.340, concerning modification of a *custody* decree, explicitly directs our courts to that statutory provision for making a best-interests determination, KRS 403.320, concerning modification of *visitation*, does not. *Compare* KRS 403.340(3)(c) *with* KRS 403.320(3). To the extent Clay faults the family court for failing to consider the statutory factors in making its best-interests determination, Clay does not explain why the family court was required to consider those factors in modifying the therapy requirement.

-6-

concern" for suspending reunification therapy with Cain, and H.C.'s "trust and rapport" with Cowick for ordering continued therapy with Cowick. (R. 247.)

Clay also faults the family court for purportedly failing to rule on all his pending motions, as well as purported instances of delayed adjudication. Of course, we cannot review decisions the family court has yet to render, and Clay fails to explain how these purported failures of the family court warrant reversal of the rulings actually under review by this Court.[5]

With respect to the family court's decision to grant, in part, Rivera's motion for attorney's fees, Clay argues the family court erred in concluding his CR 59.05 motion to alter, amend, or vacate, was untimely. As an untimely CR 59.05 motion would not have tolled Clay's time for taking an appeal, this court issued a show cause order, and Clay responded. This Court determined Clay's 59.05 motion was timely *served* within the ten-day requirement, whereas the family court errantly focused on the date it was *filed*.[6]

However, while Clay is correct his CR 59.05 motion was timely, the family court also noted Clay's motion both "raised new arguments" and "reiterated

---

[5] A party may file with the clerk a notice that a civil matter has been submitted for final adjudication. Kentucky Rules of Supreme Court (SCR) 1.050(8). A party typically accomplishes this by filing an AOC-280 form. The trial court then has ninety (90) days to rule on the matter, or otherwise certify the reason for delayed adjudication to the Chief Justice. SCR 1.050(9). This Court is unclear on the extent to which Clay has furnished the family court with notice of any pending motions.

[6] *Clay v. Rivera*, No. 2024-CA-0173-MR, Order (Ky. App. May 20, 2024).

[previously raised] arguments," (R. 286), and that CR 59.05 cannot be used "to raise arguments and to introduce evidence that should have been presented during the proceedings before the entry of judgment[,]" citing *Rumpel v. Rumpel*, 438 S.W.3d 354, 366 (Ky. 2014). The family court also cited Clay's "patterned conduct throughout" the litigation in deciding to award Rivera attorney's fees. If this Court is "aware of a reason to affirm the lower court's decision, it *must* do so, even if on different grounds." *Mark D. Dean, P.S.C. v. Commonwealth Bank & Tr. Co.*, 434 S.W.3d 489, 496 (Ky. 2014) (emphasis added).

While this Court has concluded Clay's CR 59.05 motion was timely, it was nonetheless frivolous, and the record is replete with similar filings wherein Clay simply repeats previously dispatched arguments, in some instances repeating arguments subject to multiple adverse rulings. As one example, Clay's CR 59.05 motion is, in part, a substantive retread of Clay's motion to modify.[7] Clay has also filed numerous appeals on this and related matters. Adverse disposition of those appeals likewise has not deterred Clay from repeating the arguments. *Supra*, n.2.

While we generally afford *pro se* litigants leeway, we cannot allow a *pro se* litigant to abuse that leeway in contravention of our rules. *Watkins v. Fannin*, 278 S.W.3d 637, 643 (Ky. App. 2009) ("While *pro se* litigants are sometimes held to less stringent standards than lawyers in drafting formal

---

[7] *Compare* R. 249-56 (Clay's CR 59.05 affidavit) *with* R. 173-75 (Clay's motion to modify).

pleadings, Kentucky courts still require *pro se* litigants to follow the Kentucky Rules of Civil Procedure" (citation omitted)). A trial court may award reasonable attorney's fees following final judgment pursuant to CR 11, "a procedural rule designed to curb abusive conduct in the litigation process." *Lexington Inv. Co. v. Willeroy*, 396 S.W.3d 309, 312 (Ky. App. 2013). Clay is not entitled to litigate the same issues *ad nauseum*, and Clay fails to illuminate any abuse of discretion in the family court's decision to award Rivera attorney's fees based on Clay's patterned conduct of record.

## CONCLUSION

Based on the foregoing, we affirm the July 20, 2023 and January 10, 2024 orders of the Oldham Circuit Court, Family Division.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Darian Clay, *pro se*
Louisville, Kentucky