Curtis Anthony **HARDIN**, Movant,

v.

James **SUMMITT**, Jailor, Respondent.

Supreme Court of Kentucky.

Feb. 16, 1982.

Jack Emory Farley, Public Advocate, William C. Ayer, Jr., Deputy Public Advocate, Frankfort, for movant.

Steven L. Beshear, Atty. Gen., Richard O. Wyatt, Asst. Atty. Gen., Frankfort, for respondent.

AKER, Justice.

Movant Curtis Anthony Hardin filed a petition for a Writ of Habeas Corpus in the Oldham Circuit Court on January 27, 1981 challenging the propriety of his imprisonment for contempt under the authority of KRS 421.140.

Hardin was subpoenaed to appear as a witness on behalf of the Commonwealth in the cases of *Commonwealth v. Jack Joe Holland* (81–SC–113–I) and *Commonwealth v. Larry Thomas James* (81–SC–114–I). He refused to testify or give any legal excuse for such refusal upon being called as a witness in the Oldham Circuit Court on December 15, 1980 and again on January 8, 1981. The court entered an order finding Hardin to be in contempt and imprisoned him pursuant to KRS 421.140. Therein the court stated:

> . . . that this imprisonment shall continue until such time as the witness purges himself of this contempt or until the final disposition of this case, whichever shall first occur. Record, Vol. 1, p. 68.

Hardin filed a petition for a Writ of Habeas Corpus when he was not released upon the conclusion of the trial of Holland and James on January 20, 1981. The writ was denied by an order of the Oldham Circuit Court entered February 18, 1981 which found Hardin was still in contempt and that there had not been any final adjudication of the cases in which Hardin had been called to testify. The Court of Appeals affirmed. We granted discretionary review.

The sole issue before us is whether there has been a final disposition of the *Holland* and *James* cases in which Hardin refused to testify, so as to discharge him from imprisonment under KRS 421.140.

KRS 421.140 provides:

> If a witness refuses to testify, or to be sworn, or to give a deposition, he shall be imprisoned so long as he refuses, or until he testifies before an officer who is authorized to take his testimony. The final disposition of the case in which he so refuses shall discharge him from imprisonment.

We believe that Hardin's imprisonment under the authority of KRS 421.140 to be in the nature of civil contempt, notwithstanding the Oldham Circuit Court's characterization of Hardin's refusal to testify as constituting acts of criminal contempt.

" 'It is not the fact of punishment but rather its character and purpose that often serve to distinguish civil from criminal contempt." *Shillitani v. United States*, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed. 622 (1966)

citing: *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441, 31 S.Ct. 492, 55 L.Ed. 797, 806 (1911). Here, the primary purpose of Hardin's imprisonment was not to punish him for an offense but rather "to compel his obedience to and respect for an order of court." *Young v. Knight*, Ky., 329 S.W.2d 195 (1959).

 The justification for such coercive punishment rests upon the inherent power of the courts to punish contempt. It is essential that courts be able to compel the appearance and testimony of witnesses. *Shillitani*, supra, *Arnett v. Meade*, Ky., 462 S.W.2d 940 (1971).

 However, the justification for imprisonment under KRS 421.140 depends upon the ability of the contemnor to comply with the court's order. See *Shillitani*, supra, *Maggio v. Zeitz*, 333 U.S. 56, 76, 68 S.Ct. 401, 92 L.Ed. 476, 491 (1948).

It is untenable to suggest that the term "final disposition" as used in KRS 421.140 requires a contemnor to remain incarcerated during the pendency of an appellate process which may continue for several years, as in the present situation where the death penalty was assessed against Holland and James.

Accepting respondent's argument would necessarily mean that a person found in civil contempt could be subjected to imprisonment for an indeterminable term without an opportunity to extricate himself by purging his contempt. Such imprisonment could be deemed punitive in character and in the nature of a proceeding for criminal contempt, quite possibly running afoul of the requirements of *Bloom v. Illinois*, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968).

 Here, the order imposing conditional imprisonment under KRS 421.140 was obviously for the purpose of compelling Hardin to testify in the trial of Holland and James. The trial ended with the rendition of a verdict and the discharge of the jury. Consequently, Hardin no longer has the opportunity to purge his contempt by testifying. Continued imprisonment can no longer effectuate the goal of compelling testimony which is the underlying purpose of KRS 421.140.

Under the present facts and for the purposes of KRS 421.140, the discharge of the jury and conclusion of the trial constitutes a final disposition of the *Holland* and *James* cases so as to discharge Hardin from his imprisonment for contempt.

We do not reach the question of whether KRS 421.140 unduly limits the inherent power of the courts to punish for contempt. See *Arnett v. Meade*, Ky., 462 S.W.2d 940 (1971).

The decision of the Court of Appeals and the order of the Oldham Circuit Court are reversed and the cause is remanded for proceedings consistent with this opinion.

PALMORE, C.J., and AKER, CLAYTON, STEPHENS, STEPHENSON and STERNBERG, JJ., sitting.

All concur.