Roy Lee WOODS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 16, 1986.

Rehearing Denied July 11, 1986.

Dennis Fentress, Daniel T. Goyette, Jefferson Dist. Public Defender, J. David Niehaus, Deputy Appellate Defender of the Jefferson Dist. Public Defender, Louisville, for appellant.

David L. Armstrong, Atty. Gen., Virgil W. Webb, III, Asst. Atty. Gen., Frankfort, for appellee.

Before CLAYTON, LESTER and REYNOLDS, JJ.

REYNOLDS, Judge.

This appeal is raised from the orders of the Jefferson Circuit Court finding appellant guilty of two counts of contempt for refusal to be sworn as a witness and refusal to testify. Appellant asserts that his refusals were protected by the 5th Amendment to the United States Constitution; that the two sentences of five months and 29 days imposed upon him were in violation of KRS 421.140; that the sentences he received were deemed to run consecutively to any felony sentence imposed upon him, in violation of KRS 532.110; and that he could only be found guilty of a single contempt for his refusals. We affirm the trial court in relation to the first three of appellant's contentions, but reverse that court with regard to the final assertion of error.

Appellant was called to testify on March 11, 1985, in the trial of Daniel F. Wade, who was accused of murder. At that time, appellant was incarcerated in the Jefferson County jail awaiting trial on an unrelated murder and robbery charges. Upon being called to testify appellant refused to be sworn, asserting his privilege against self-incrimination provided for in the 5th Amendment of the United States Constitution. At that time, the trial court advised appellant that if he again refused to be sworn in as a witness, he would be cited with contempt of court and sentenced to five months and 29 days in jail to run consecutively to any other sentence he might serve as a result of the criminal charges pending against him. Further, the court advised appellant that he would be returned to the courtroom every hour during the remainder of the trial, and for each refusal to be sworn he would receive the same sentence as the first. After this warning, appellant again refused to be sworn in and a contempt citation and sentence were imposed on him. After one hour, appellant was again called as a witness. He allowed himself to be sworn in, but refused to testify. The court then conducted an in camera hearing to consider the basis of appellant's 5th Amendment privilege assertion. Upon hearing the reasons presented, the court determined that no

testimony elicited from appellant would prove incriminating to him at a later time. The court ordered appellant to testify and upon his continued refusal to do so, appellant was again cited with contempt of court and sentenced to five months and 29 days. This appeal followed.

■ Appellant first contends that a contempt citation was unjustified in light of his Fifth Amendment privilege against self-incrimination. He argues that testimony given by him in the trial of Daniel Wade would incriminate him in the penalty phase of the trial pending against him, perhaps enhancing his sentence. It is generally accepted that it is for the court and not the witness to determine if a refusal to testify is justified. *Young v. Knight,* Ky., 329 S.W.2d 195, 201 (1959). The court stated in *Young, supra,* "... the danger of self-incrimination to be apprehended must be real and substantial in the ordinary course of things, for the law does not permit a witness arbitrarily to hide behind an imaginary or unappreciable danger or risk." The court must consider the totality of the testimony to be given and the context in which it is given, and must afford the contemnor a fair opportunity to present a defense in resolving the factual issue of incrimination. *See Miller v. Vettiner,* Ky., 481 S.W.2d 32, 35 (1972). In the instant case, the court conducted an in camera hearing to determine the issue of self-incrimination. The appellant was afforded ample opportunity to demonstrate the incriminating nature of the testimony to be elicited from him. The court examined the evidence and found the testimony would not prove incriminating to appellant. The mandates of *Young* and *Miller, supra,* were satisfied by the trial court and its decision is not an abuse of discretion.

Appellant's second argument focuses on the constitutionality of KRS 421.140, which states:

If a witness refuses to testify, or to be sworn, or to give a deposition, he shall be imprisoned so long as he refuses or until he testifies before an officer who is authorized to take his testimony. The final disposition of the case in which he so refuses shall discharge him from imprisonment.

Appellant contends that he can only be incarcerated for the duration of the Wade trial and cannot be ordered to serve later consecutive sentences. The trial court found the statute to be an unconstitutional limitation on the inherent powers of the courts.

■ Prior to amendment of the statute, further limitations were placed on the power of the courts to punish for contempt, i.e. limits of $30 in fines and 24 hours imprisonment. These ceilings were found unconstitutional in *Arnett v. Meade,* Ky., 462 S.W.2d 940 (1971), where the court found that such limits materially interfered with the administration of justice and the inherent power of the courts to punish for contempt. This concept was later implicitly accepted in *Hardin v. Summitt,* Ky., 627 S.W.2d 580 (1982), where the court recognized the necessity of the courts' contempt powers. Such reasoning compels the court to hold KRS 421.140 unconstitutional in that it binds the hands of the trial court whether its purpose is to punish a witness for refusing to testify or to coerce that witness to testify and purge himself of his contempt of court. Witnesses cannot be allowed to freely refuse requests of the court with the certainty that their penalty will be of limited duration. This material interference with the discharge of judicial functions is declared unconstitutional. The Commonwealth's argument is in accord. The duration of the sentences imposed upon appellant did not constitute error.

■ Appellant's third assertion pertains to the court's order that his contempt sentence run consecutively after any sentence he received for the criminal charges pending against him. Appellant notes that under *Young v. Knight, supra,* contempts of court are classified as misdemeanors. KRS 532.090 classifies a sentence for a misdemeanor as a definite sentence and KRS 532.060 classifies a sentence for a felony as an indeterminate sentence. As

codified in KRS 532.110(1)(a): "A definite and indeterminate term shall run concurrently and both sentences shall be satisfied by service of the indeterminate term." Appellant contends that under this statute, his sentences for contempt must run concurrently with any sentence he receives for the felony charges pending against him. This position was adopted in *Powell v. Payton,* Ky., 544 S.W.2d 1 (1976). Appellant's argument, while sound, was not preserved at the trial proceedings and may not be raised for the first time on appeal. *See Kennedy v. Commonwealth,* Ky., 544 S.W.2d 219 (1976).

Appellant's final assertion of error requires a partial reversal of the trial court's order. Appellant was cited with two contempts of court for two refusals of the court's order to be sworn and testify in the same case on occasions separated by less than two hours. It was determined by the United States Supreme Court in *Yates v. United States,* 355 U.S. 66, 2 L.Ed.2d 95, 78 S.Ct. 128 (1957), that a flat refusal by a witness to answer any questions can constitute only one contempt, punishable by only one sentence. The fact that appellant herein refused two orders of the court designed to achieve only one purpose creates one continuing contempt on the part of appellant rather than a separate contempt for each refusal. Since the maximum sentence which can be imposed without a jury is five months and 29 days, the second five-month, 29-day sentence imposed on appellant is reversed. *See Miller v. Vettiner, supra.* The first refusal of appellant was a single contempt which continued with any subsequent refusals to testify. Thus, his first sentence of five months, 29 days to run consecutively with any later criminal sentence imposed upon him is affirmed.

For the reasons stated herein, the order of the Jefferson Circuit Court is affirmed in part and reversed in part.

All concur.