RENDERED:  MARCH 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0456-MR

HANY BASTA                                                                    APPELLANT


APPEAL FROM KENTON FAMILY COURT
v.          HONORABLE THOMAS A. RAUF, JUDGE
ACTION NO. 12-CI-01579


ELENA KOSULINA                                                              APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CETRULO, AND TAYLOR, JUDGES.

CETRULO, JUDGE:  Appellant Hany Basta ("Hany") appeals the Kenton Circuit

Court's ("family court") March 2023 Order[1] finding Hany in contempt of court.

After review, we affirm.

---

[1] Although Hany's Notice of Appeal stated that he was appealing a second order as well, Hany's appellate brief indicates that he withdraws that portion of the appeal.  As such, we address only the order of contempt.

## I.     FACTUAL AND PROCEDURAL HISTORY

Hany and Appellee Elena Kosulina ("Elena")[2] divorced in 2012. Since that time, they have had joint custody of their minor child, D.B. ("Child"). In 2021, Elena moved to modify the parenting schedule and review her child support obligations. As part of those proceedings, in February 2022, the family court entered an order stating, in relevant part, that the "Parties agree to follow medical advice/order of [Child's] current physicians." In April 2022, Elena filed a motion for contempt against Hany, arguing Hany changed Child's physician and thereby violated the February 2022 Order.

In the motion, Elena noted that Child's previous primary care physician had referred Child to Cincinnati Children's Hospital ("Cincinnati Children's") to care for his severe allergies. Since that referral, Cincinnati Children's had been Child's primary Ear, Nose, and Throat ("ENT") provider. Elena alleged that Hany "unilaterally" changed Child's provider from Cincinnati Children's to a different ENT provider and refused to take Child to appointments at Cincinnati Children's. Elena argued that such failure to follow the medical advice of Cincinnati Children's physicians – *i.e.*, Child's current physicians – violated the court's order.

---

[2] The record, including the courts' captions, fluctuate between spelling Appellee's name Elena and Elana. As this Court's caption uses Elena, we will too.

The family court heard the motion for contempt in August 2022. There, Elena testified that she had attempted to pick Child up from school for an appointment at Cincinnati Children's, but Hany had contacted the school and prohibited Elena from picking him up. Additionally, Elena testified that Hany changed Child's physician from Cincinnati Children's to a different ENT physician without her knowledge and took Child to only the new ENT physician.

When Elena's counsel passed the witness for cross-examination, Hany's counsel moved for directed verdict.[3] However, Elena's counsel stated that she had not rested her case and called Hany to testify. Hany's counsel objected, asserting that Hany would invoke his Fifth Amendment right to remain silent. Elena objected to such right being applicable because there was no threat of criminal prosecution, and she was not seeking jail time. The family court overruled Hany's motion for directed verdict and allowed Elena to call Hany as a witness. Hany invoked the Fifth Amendment. Elena moved for a continuance in progress to obtain certified copies of Child's medical records, which the court granted. The court instructed the parties to brief whether the Fifth Amendment was applicable under these circumstances.

---

[3] Although Hany's counsel moved for directed verdict, proceedings without a jury require a Kentucky Rule of Civil Procedure ("CR") 41.02 motion for involuntary dismissal. CR 41.02(2). Nevertheless, the standards are similar and any error in allowing the motion for directed verdict instead of that under CR 41.02 was harmless. We will treat the motion for directed verdict as one under CR 41.02.

In his brief, Hany argued that the Fifth Amendment may be invoked by witnesses in civil matters. To invoke the right, he claimed, "[i]t is sufficient if there is a law creating the offense under which the witness may be prosecuted[,]" citing *Kindt v. Murphy*, 227 S.W.2d 895, 898 (Ky. 1950). However, Hany failed to indicate an offense for which he could have been prosecuted for testifying regarding Child's physicians. Nevertheless, Hany emphasized that the family court could order jail time for contempt even if that was not what Elena sought; therefore, the family court should have permitted him to invoke the Fifth Amendment.

Elena disagreed, asserting that the Fifth Amendment is applicable only when there is a "reasonable possibility of exposure to prosecution or involvement in a crime[,]" citing *Young v. Knight*, 329 S.W.2d 195, 201 (Ky. 1959). Elena contended that there was no "reasonable possibility that the responsive answer called for would expose Hany to criminal prosecution or involvement in a crime." Additionally, Elena noted that "[t]he danger of self-incrimination to be apprehended must be real and substantial in the ordinary course of things, for the law does not permit a witness arbitrarily to hide behind an imaginary or unappreciable danger or risk[,]" citing *Young*, 329 S.W.2d at 201.

In December 2022, the family court entered an order finding the Fifth Amendment was not applicable in this case because Hany's testimony regarding

-4-

Child's physicians would "not have criminal prosecutorial implications; [Hany] has no possible risk of exposure to prosecution or involvement in a crime." Further, the court noted that "it is for the court and not the witness to say whether refusal to answer is justified[.]" Therefore, the court ordered Hany to complete his testimony as to the contempt allegations.

Hany filed a motion to alter, amend, or vacate the December 2022 Order. Hany argued that the court initially noted that it could give Hany jail time, so to later claim there were no prosecutorial implications, without further evidence, was inconsistent. The family court denied Hany's motion and clarified that "the court has civil contempt powers that could include jail time, but the use of those powers is not criminal prosecution." The court explained that the Fifth Amendment applies only to criminal prosecution; therefore, Hany could not invoke such right to protect himself from the civil contempt power of the court. Hany then filed a writ of mandamus with this Court, which we denied.

The family court then transferred the case to a different division within the county.[4] In February 2023, the new family court judge held the continued contempt hearing.[5] There, Elena's counsel again called Elena to testify.

---

[4] A new family court seat was created which required redistribution of some cases.

[5] Additionally, the family court heard testimony regarding a separate motion regarding Elena's request for additional parenting time.

Elena testified regarding her living arrangements, Child's health issues, and his medical history. Elena explained that Cincinnati Children's became Child's primary ENT physician by at least April 2021; "way before" the February 2022 Order. After the initial appointment, Cincinnati Children's physicians recommended that Child continue to see them. At that point, Hany's counsel objected to Elena's testimony, arguing that she had already testified regarding Child's physicians at the previous contempt hearing. Elena's counsel noted that, because it was a continued hearing, he did not expect the court to remember everything previously stated. Further, Elena was submitting Child's medical records into evidence and was also using her testimony to lay the foundation for those new documents. The family court overruled Hany's objection.

Elena continued testifying. She explained that she had set numerous appointments for Child at Cincinnati Children's; however, Hany canceled them. She recounted her unsuccessful attempt in April 2022 to pick Child up from school to take him to a Cincinnati Children's appointment. Unbeknownst to Elena, however, Hany had taken Child to a different ENT physician. Elena's counsel then called Hany to testify, and Hany's counsel again moved for directed verdict.[6] The family court denied the motion.

---

[6] Again, we will treat this motion as one under CR 41.02.

Hany testified that he "was simply doing the best for the kid." He confirmed that Child's previous primary care physician had referred Child to Cincinnati Children's and Child went to an initial appointment there in 2021. Hany testified that he attended that initial appointment with Elena and Child and the physicians scheduled additional testing and a follow-up appointment. Hany further testified that after that initial appointment, the family court ordered the parties to maintain the status quo regarding Child's medical care. However, Child never returned to Cincinnati Children's for the follow-up appointment or additional testing. Instead, Hany testified that he scheduled Child's appointments at a different provider in early 2022. Hany admitted that he did not allow Elena to pick Child up from school for his appointment at Cincinnati Children's in April 2022.

In March 2023, the family court entered its Findings of Fact and Conclusions of Law. Based on the testimony, the court found that Child had been referred to Cincinnati Children's; however, after the initial appointment in 2021, Child had never returned for the follow-up appointments and additional testing although his physicians instructed him to do so. On one occasion, the court noted, Elena scheduled a follow-up appointment but when she attempted to pick Child up from school, Hany had instructed the school to prohibit her from doing so. Instead, Hany had begun taking Child to a different ENT provider. When asked how that change in care comported with the family court's February 2022 medical status

quo order, Hany responded that "what was best for the kid was done." The court therefore granted Elena's motion for contempt.

Hany appealed, arguing the family court should not have compelled him to testify against his interests; should have dismissed Elena's motion for contempt; and should not have allowed Elena to testify at the February 2023 hearing regarding the contempt allegations.

## II. STANDARDS OF REVIEW

As to Hany's Kentucky Rule of Civil Procedure ("CR") 41.02 motions for involuntary dismissal,[7] "[o]n appellate review of a ruling on a defendant's CR 41.02 motion, [the court] will overturn the trial court only for an abuse of discretion." *R.S. v. Commonwealth*, 423 S.W.3d 178, 184 (Ky. 2014) (citation omitted). Likewise, for evidentiary issues – like those regarding the family court's determination that the Fifth Amendment was not applicable and that Elena's testimony at the February 2023 hearing was permissible – "[t]he standard of review for the admission of evidence is whether a trial court has abused its discretion." *Holt v. Commonwealth*, 250 S.W.3d 647, 652 (Ky. 2008) (citation omitted). "An abuse of discretion occurs if the trial court's ruling is 'arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Garrett v.*

---

[7] As noted, we will address Hany's motions for directed verdict as such.

*Commonwealth*, 534 S.W.3d 217, 224 (Ky. 2017) (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

### III.   ANALYSIS

Hany argues that the family court erred when it (A) compelled him to testify against his interests at the contempt hearing; (B) denied his motions for involuntary dismissal; and (C) allowed Elena to testify at the February 2023 contempt hearing.

### A.   Fifth Amendment Right Against Self-Incrimination

First, Hany claims that the family court should have permitted him to invoke his Fifth Amendment right against self-incrimination.  He does not dispute that his was a civil contempt; however, he claims that because the possibility of jail time existed, he was entitled to invoke Fifth Amendment protections.  Elena, however, argues that such invocation was not appropriate because the civil contempt hearing did not have criminal prosecutorial implications.  We agree.

The self-incrimination clause of the Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." *Murray v. Commonwealth*, 399 S.W.3d 398, 407 (Ky. 2013) (quoting U.S. CONST. amend. V).  While the United States Supreme Court has interpreted that provision broadly, explaining that "[i]t can be asserted in any proceeding, civil or criminal[,]" the Court has emphasized that "it protects against any disclosures

-9-

which the witness *reasonably believes could be used in a criminal prosecution* or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 444-45, 92 S. Ct. 1653, 1656, 32 L. Ed. 2d 212 (1972) (citations omitted) (emphasis added).

This Court has addressed a similar issue in *Woods v. Commonwealth*, 712 S.W.2d 363 (Ky. App. 1986).[8]  There, a witness asserted his Fifth Amendment privilege and refused to testify.  *Woods*, 712 S.W.2d at 364.  The lower court considered the basis of the witness's assertion and determined that "no testimony elicited from [the witness] would prove incriminating to him at a later time."  *Id.* at 364-65.  As such, the lower court ordered the witness to testify.  *Id.* at 365.  On appeal, this Court noted that "[i]t is generally accepted that it is for the court and not the witness to determine if a refusal to testify is justified" and "the law does not permit a witness arbitrarily to hide behind an imaginary or unappreciable danger or risk."  *Id.* (citing *Young*, 329 S.W.2d at 201).

This Court explained that to determine whether the invocation was appropriate, "[t]he court must consider the totality of the testimony to be given and the context in which it is given, and must afford the contemnor a fair opportunity to present a defense in resolving the factual issue of incrimination."  *Id.* at 365.

---

[8] Although *Woods* is a criminal case, this Court provided an applicable discussion regarding Fifth Amendment rights of witnesses.

(citing *Miller v. Vettiner*, 481 S.W.2d 32, 35 (Ky. 1972)). In *Woods*, this Court found the lower court had properly done so because it had "conducted an in camera hearing to determine the issue of self-incrimination." *Id.* Therefore, the lower court had "examined the evidence and found the testimony would not prove incriminating to [the witness]." *Id.* As such, this Court affirmed the lower court's determination. *Id.* at 366.

Similarly, here, the family court considered the totality and context of the testimony to be given and "afford[ed] the contemnor a fair opportunity to present a defense in resolving the factual issue of incrimination" when it had the parties brief the issue. *See id.* at 365. Elena had called Hany to testify regarding where and when he took Child to medical appointments. The family court concluded that Hany's responses to such inquiries would "not have criminal prosecutorial implications; [therefore, Hany had] no possible risk of exposure to prosecution or involvement in a crime." Indeed, Hany's disclosures simply confirmed Elena's testimony that he attended Child's initial appointment at Cincinnati Children's, was aware of the family court's February 2022 Order, and nevertheless took Child to a different physician. As in *Woods*, the family court here "examined the evidence and found the testimony would not prove incriminating" to Hany. *See id.*

As such, the family court did not err when it found that the Fifth Amendment protections against self-incrimination were not applicable to Hany. Such finding was not arbitrary or unreasonable and was properly "supported by sound legal principles." *See Garrett*, 534 S.W.3d at 224 (citation omitted). As such, the family court did not abuse its discretion.

**B.      Hany's CR 41.02 Motions for Involuntary Dismissal**

Next, Hany argues that the court erred when it denied his motions for dismissal because, he claims, Elena failed to show by clear and convincing evidence that he violated a court order. As such, Hany claims the burden never should have shifted to him to show he had cause to defy the court's order. Therefore, Elena showed "no right to relief." *See* CR 41.02. We disagree.

Here, the family court properly explained that "[i]n a civil contempt proceeding, the initial burden is on the party seeking sanctions to show by clear and convincing evidence that the alleged contemnor has violated a valid court order." *Commonwealth, Cabinet for Health & Fam. Servs. v. Ivy*, 353 S.W.3d 324, 332 (Ky. 2011) (citation omitted). "Once the moving party makes out a prima facie case, a presumption of contempt arises, and the burden of production shifts to the alleged contemnor to show, clearly and convincingly, that he or she was unable to comply with the court's order or was, for some other reason, justified in not complying." *Id.* (citation omitted).

-12-

First, the court found that Elena met her initial burden. Specifically, Elena presented substantial evidence – largely through Hany's testimony and Child's medical records – that Child's "current physician" at the time of the February 2022 Order was Cincinnati Children's, that Hany was aware of the court's February 2022 Order to follow the medical advice of Child's current physicians, and that Hany refused to let Elena take Child to appointments with those physicians. Likewise, Hany testified that he refused to take Child to Cincinnati Children's for the follow-up visit or additional testing, even though Child's physicians had recommended it. Instead, Hany started taking Child to a different physician. Elena initially testified to those facts and Hany confirmed them when he testified. As such, the court concluded that Elena met her burden and established a *prima facie* case for contempt. At which point, the burden shifted to Hany to "show, clearly and convincingly, that he . . . was unable to comply with the court's order or was, for some other reason, justified in not complying." *See id.* (citation omitted).

When the burden shifts to the alleged contemnor, he or she "must offer evidence tending to show clearly that he or she made all reasonable efforts to comply." *Id.* (citation omitted). As our Supreme Court has explained, "[t]his burden is a heavy one and is not satisfied by mere assertions of inability." *Id.* (citation omitted). However, as the court noted here, when the burden shifted to

-13-

Hany, he "offered no evidence showing that he was unable to comply with the Order. On the contrary, [Hany] stated, 'What was best for the kid was done.'" Therefore, the court found Hany's actions to be "willful disobedience of this Court's Order" and sustained Elena's motion for contempt.

The court's decisions were supported by both Elena's and Hany's testimony and were not "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *See Garrett*, 534 S.W.3d at 224. The court did not abuse its discretion.

### C. Elena's February 2023 Testimony

Lastly, Hany asserts that the family court erred when it allowed Elena to testify at the February 2023 hearing regarding her motion for contempt. Hany claims that Elena started "her testimony completely over in violation of KRE [Kentucky Rule of Evidence ("KRE")] 403" and KRE 611. Hany argues that such allowance was improper because Elena "was not presenting rebuttal testimony or offering impeachment testimony[.]" However, as Elena asserts, she had not rested her case during the first hearing. As such, she continued to present direct evidence at the February 2023 hearing and was not required to limit her testimony to rebuttal or impeachment testimony. Further, Elena submitted Child's medical records and argued that she was partially using her testimony to lay the foundation for those documents.

First, Hany claims Elena's testimony at the February 2023 hearing violated KRE 403. KRE 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." However, Hany fails to make a specific argument as to how the court violated the rule. Nevertheless, we find no evidence that Elena's testimony was unduly prejudicial. As noted, Hany testified regarding many of the same facts and confirmed Elena's testimony. Therefore, the same facts would have been presented regardless of whether Elena testified in February 2023.

Additionally, Hany argues Elena's testimony violated KRE 611. Again, we disagree. KRE 611(a) provides that "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to: (1) Make the interrogation and presentation effective for the ascertainment of the truth; (2) Avoid needless consumption of time; and (3) Protect witnesses from harassment or undue embarrassment." This Court has emphasized that "[b]ecause modern litigation creates a wide variety of problems related to interrogation of witnesses, production of evidence, and general trial management, trial judges are given broad discretion . . . to deal with problems and situations associated with the production of evidence." *Disabled Am. Veterans,*

*Dep't of Ky., Inc. v. Crabb*, 182 S.W.3d 541, 550-51 (Ky. App. 2005) (internal quotation marks and citation omitted).

Here, we find no error – and, again, Hany fails to provide a specific argument – in the family court allowing Elena to testify at the February 2023 hearing. As discussed, the initial hearing had been continued and Elena had not yet rested her case. Further, she presented new documentary evidence that required her to lay a foundation, and the hearing was before a new family court judge. Hany presents no evidence nor caselaw suggesting that the court's decision to deal with the production of new evidence and to manage the witnesses' testimonies as it saw fit was unreasonable. *See id.* As such, we do not find that the court acted arbitrarily or against sound legal principles in allowing her to testify. *See Garrett*, 534 S.W.3d at 224. The court did not abuse its discretion.

## IV. CONCLUSION

The family court did not abuse its discretion when it found Hany's Fifth Amendment right against self-incrimination was not applicable under these circumstances, denied Hany's motions for dismissal, or allowed Elena to testify at the February 2023 hearing. As such, we AFFIRM the Kenton Family Court.


ALL CONCUR.

BRIEF FOR APPELLANT:        BRIEF FOR APPELLEE:

Marianne S. Chevalier        Laura A. Ward
Ft. Mitchell, Kentucky        Covington, Kentucky