**Steve GOODMAN, Appellant,**

v.

**KENTUCKY BOARD OF DENTISTRY, Appellee.**

**No. 90–CA–001414–MR.**

Court of Appeals of Kentucky.

Dec. 20, 1991.

Motion for Discretionary Review Dismissed March 5, 1992.

John T. Fowler III, Louisville, for appellant.

Greg Holmes, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, STUMBO and WILHOIT, JJ.

STUMBO, Judge.

Steve Goodman appeals an order of the Hardin Circuit Court finding him in contempt of court for a violation of a permanent injunction prohibiting him from practicing dentistry. We affirm.

The dispute between appellant Goodman and the appellee, the Kentucky Board of Dentistry, has been a bitter and ongoing battle. For the purposes of this opinion, we need only deal with the latest dispute between these parties.

On April 7, 1987, the Hardin Circuit Court issued a permanent injunction against appellant forbidding him, both as an individual and as the operator of two dental laboratories, from practicing dentistry without a license under KRS 313.010(2). On April 11, 1990, the appellee moved the circuit court to find the appellant in contempt of court for violating the permanent injunction. The appellee noted that Charles James had filed an affidavit with the court on March 28, 1990, claiming that on January 17, 1990, the appellant had charged him a fee of $100 to "rebase" his lower denture. James received the new denture on January 19, 1990.

The court conducted a hearing on May 18, 1990, to determine whether the appellant had violated the injunction. After listening to the testimony of Mr. James, the court found the appellant in contempt for violation of the permanent injunction and ordered him to serve sixty days' imprisonment as punishment for the violation.

On appeal the appellant claims that the circuit court's order must be reversed because the appellee did not meet its burden of proof in this case. Appellant raised two issues in support of this contention. The first is that the appellee failed to prove at the hearing that the appellant was not a licensed dentist at the time the violation allegedly occurred. The second is that the appellee failed to prove that the work performed by the appellant was not done pursuant to a written laboratory procedure work order from a licensed dentist, which under KRS 313.010(2) is a defense to the charge of practicing dentistry without a license.

■ Appellant's first contention can be dismissed quickly. Since the April 7, 1987, permanent injunction was still in effect, the appellant had a duty to obey it, even if the appellee had granted him a license to practice dentistry after the injunction had been issued. Whether an injunction order is right or wrong, it is the duty of the party bound by the injunction to obey it so long as the injunction remains in effect. *See, e.g., Glass v. VanZant,* Ky., 307 S.W.2d 175 (1957). Therefore, the appellee had no duty to show that the appellant was not a licensed dentist.

As for appellant's second contention, our review of the videotape of the May 18, 1990, hearing reveals that on redirect examination by appellee's attorney, Mr. James denied having a written work order from a licensed dentist at the time he went to the appellant's office and was examined by the appellant. In any event, from the evidence introduced at the hearing, the court could easily conclude that the appellant had performed acts that under Kentucky law can only be performed by a licensed dentist. Thus, the court did not err by finding the appellant in contempt of court for violating the April 7, 1987, permanent injunction.

Therefore, the order of the Hardin Circuit Court is affirmed.

All concur.