Ismael GUTIERREZ, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2003–SC–130–MR.

Supreme Court of Kentucky.

May 19, 2005.

Karen Maurer, Assistant Public Advocate, Department of Public Advocacy, Frankfort, Counsel for Appellant.

Gregory D. Stumbo, Attorney General, Tami Allen Stetler, Assistant Attorney General, Criminal Appellate Division, Frankfort, Counsel for Appellee.

Opinion of the Court by Justice KELLER.

## I. INTRODUCTION

Appellant, Ismael Gutierrez, was convicted of Murder, Unauthorized Use of a Motor Vehicle, First–Degree Burglary, Tampering with Physical Evidence, and Violation of a Domestic Violence Order (DVO), and he was sentenced to sixty years in prison. He claims that the trial court erred in its decision to allow the Commonwealth to use the violation of the DVO as a substantive charge and as an aggravating circumstance in the Murder charge. Because the validity of the DVO was not subject to challenge in this case, the trial court did not commit error in

admitting this evidence, and we affirm Appellant's convictions.

## II. BACKGROUND

On April 5, 1998, Appellant choked and threatened to kill Alma Roque, his wife. Police responded to a call for help, and Appellant was charged with Fourth–Degree Assault. As a condition of bail, Appellant consented to a "no contact" order, which required Appellant not to have any contact with Roque while awaiting a hearing on the assault charge.

The following day, April 6, 1998, the Trimble District Court issued an emergency protective order (EPO). A hearing on the EPO was held on April 7, 1998, at which time the district judge reviewed the officer's report and heard testimony from the victim, Alma Roque, concerning the assault on April 5, 1998. The district judge granted a continuance on the assault charge, but left the "no contact" order in effect. Appellant agreed to a continuation of the "no contact" order. Also, at that time, the district judge issued a domestic violence order (DVO), and Appellant confirmed that he understood both the order itself and the consequences of violating the order.

On May 26, 1998, Appellant pled guilty to the assault charge. The court accepted Appellant's plea, which required him to pay a $100 fine and to pay for damage to Roque's apartment. Also, Appellant agreed, pursuant to the DVO, not to have any contact with Roque.

On June 3, 1998, less than two months after the issuance of the EPO, Appellant entered Roque's home and stabbed her to death. He was subsequently indicted for Murder, Theft by Unlawful Taking (Class D felony), First–Degree Burglary, Tampering with Physical Evidence, and Violation of a DVO. Appellant filed a motion to exclude violation of the DVO as the aggravating circumstance on the Murder charge. Based on the Commonwealth's argument that the DVO was a civil order, not a criminal judgment, the trial court overruled Appellant's motion to exclude evidence of the DVO.

The jury did not find Appellant guilty of Theft by Unlawful Taking, but instead it found him guilty of the lesser-included offense of Unauthorized Use of a Motor Vehicle. The jury, however, convicted Appellant on all of the other charges. The jury recommended fifty years for Murder, one year for Unauthorized Use of a Motor Vehicle, ten years for First–Degree Burglary, three years for Tampering with Physical Evidence, and one year for Violation of a DVO.[1] The jury recommended that the sentences for Murder and First–Degree Burglary run consecutively and that the sentences for the other charges run concurrently, for a total sentence of sixty years imprisonment. The trial court sentenced Appellant in accordance with the jury's recommendation. Appellant appeals to this Court as a matter of right.[2]

## III. ANALYSIS

Appellant claims that because the DVO was not valid, the trial court committed reversible error in admitting evidence of the DVO, both as an aggravating cir-

---

1. The trial court properly instructed the jury that the punishment for the two misdemeanor charges, Unauthorized Use of a Motor Vehicle and Violation of a DVO, was not to exceed twelve months in jail; however, the jury—obviously not understanding the difference between a twelve-month sentence and a one-

year sentence—recommended sentences of "1 year" for each of these charges. The trial court properly sentenced the defendant to twelve months on these charges.

2. KY. CONST. § 110(2)(b).

cumstance and as a separate substantive offense. We disagree.

■ The validity of a DVO must be challenged, if at all, prior to its violation or to its use as an aggravating circumstance. Although there is no Kentucky case law dealing directly with the issue before us, we can analogize the validity of a DVO, as a civil order, to an injunction. In *Goodman v. Kentucky Board of Dentistry*,[3] the Court of Appeals, in upholding the trial court finding the appellant in contempt for violation of an injunction and sentencing him to sixty days in jail, held—and we believe rightfully so—that "[w]hether an injunction order is right or wrong, it is the duty of the party bound by the injunction to obey it so long as the injunction remains in effect."[4] Furthermore, "[i]t is almost unanimously agreed that if the defendant desires to attack the order or the decree as erroneous, he must do so, not by disregarding or violating it and then setting the error up as a defense to a charge of contempt, but by a direct attack thereon by appeal or a motion to set it aside. He cannot attack it collaterally . . . ."[5] In this case, Appellant did not challenge the DVO by direct attack in the proceedings in which it was issued, but rather he violated the order and then raised the issue of the validity of the DVO in his trial on criminal charges.

■ In effect, Appellant is asking this Court to rule that a collateral attack on the validity of a civil order in a subsequent prosecution for violation of that order is permissible. Such an approach to the validity of the DVO is contrary to our prior cases involving the validity of other civil orders and, consequently, must be rejected as a proper method of challenging the DVO.[6] In fact, the only situation in which a collateral attack upon the validity of a court order during the prosecution for violation of that order is appropriate is when the issuing court lacked subject matter or personal jurisdiction.[7] Here, however, the Trimble District Court had jurisdiction to issue the DVO. Therefore, any attempt to attack the validity of the DVO during the prosecution in circuit court for the murder charge or for violation of the order is barred.

Whether the validity of a DVO may be challenged when it is offered to prove an aggravating circumstance in a capital murder prosecution or to prove the criminal charge of violation of a protective order is also analogous to an issue that has been previously addressed by this Court in the context of a criminal proceeding, i.e., whether an underlying conviction offered to prove persistent felony offender (PFO) status may be collaterally challenged. In *McGuire v. Commonwealth*,[8] this Court held that "[t]he PFO enhancement statute is similarly lacking in 'any indication' the General Assembly 'intended to permit collateral attacks on prior convictions used

---

**3.** 823 S.W.2d 944 (Ky.App.1991).

**4.** *Id.* at 945.

**5.** P.H. Vartanian, Annotation, *Right to Punish for Contempt for Failure to Obey Court Order or Decree Either Beyond Power or Jurisdiction of Court or Merely Erroneous*, 12 A.L.R.2d 1059, at § 41[a] (1950, updated as April 28, 2005).

**6.** *See Leibson v. Taylor*, 721 S.W.2d 690, 692 (Ky.1986), *overruled on other grounds by Shaffer v. Morgan*, 815 S.W.2d 402 (Ky.1991).

**7.** *See* P.H. Vartanian, Annotation, *Right to Punish for Contempt for Failure to Obey Court Order or Decree Either Beyond Power or Jurisdiction of Court or Merely Erroneous*, 12 A.L.R.2d 1059, at § 41[b] (1950, updated as April 28, 2005).

**8.** 885 S.W.2d 931 (Ky.1994).

for sentence enhancement purposes.'"[9] We stated that "[t]he U.S. Supreme Court decision in *Custis [v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994),] applies to proof of PFO status in the present case. KRS 532.080(2) and (3) require proof of the fact of 'previous felony convictions' and not their underlying validity."[10] Thus we held that "Kentucky trial courts are no longer required to conduct a preliminary hearing into the constitutional underpinnings of a judgment of conviction offered to prove PFO status unless the defendant claims 'a complete denial of counsel in the prior proceeding.'"[11] Of course, the right to counsel is not afforded in a civil case such as a DVO hearing.[12]

We hold that proof of the underlying validity of a DVO is not required when the DVO is offered as evidence in other proceedings and thus it is not subject to collateral attack in those proceedings. Therefore, the validity of a DVO is not a proper subject of inquiry when it is offered as proof of an aggravating circumstance in a capital murder prosecution or to prove the criminal violation of the DVO. Accordingly, we hold that the trial court did not commit error in admitting evidence of the DVO.

## IV. CONCLUSION

Because proof of the validity of the DVO was not required, the trial court properly admitted evidence of the DVO to prove an aggravating circumstance of murder and to prove the charge of Violation of DVO.

Accordingly, we affirm Appellant's convictions.

All concur.

---

**9.** *Id.* at 937 (quoting *Custis v. United States,* 511 U.S. 485, 493 114 S.Ct. 1732, 1737, 128 L.Ed.2d 517 (1994)).

**10.** *Id.*

**11.** Id. (quoting *Custis,* 511 U.S. at 493, 114 S.Ct. at 1737).

**12.** *See May v. Coleman,* 945 S.W.2d 426, 427 (Ky.1997) ("It is now elementary that an indigent criminal defendant is entitled to appointment of counsel in any proceeding in which

he could be sentenced to a term of imprisonment. We have extended that right to civil contempt proceedings where imprisonment is a potential punishment. If a prisoner fails to defend a civil action brought against him, a guardian ad litem must be appointed for him before judgment may be entered.... Except in these limited circumstances, there is no constitutional right to counsel in a civil case.").