RENDERED: DECEMBER 13, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0679-WC

KENTUCKY EMPLOYERS' MUTUAL INSURANCE                    APPELLANT

v.                    PETITION FOR REVIEW OF A DECISION
                      OF THE WORKERS' COMPENSATION BOARD
                      ACTION NO. WC-17-71184

JUSTIN THELE; DESIGNED ELECTRICAL
INTEGRATORS; METHODIST HOSPITAL;
MIDWEST SURGERY CENTER, LLC;
ST. FRANCIS MEDICAL CENTER;
MIDWEST NEUROSURGEONS;
SOUTHEAST MISSOURI ANESTHESIA;
DR. SONJAY FONN; HONORABLE JOHN MCCRACKEN,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION
BOARD                                                  APPELLEES

AND

CROSS-APPEAL NO. 2024-CA-0759-WC

JUSTIN THELE                                           CROSS-APPELLANT

KENTUCKY EMPLOYERS MUTUAL INSURANCE;
DESIGNED ELECTRICAL INTEGRATORS, INC.;
METHODIST HOSPITAL; ADVANCED ORTHOPEDIC;
MIDWEST SURGERY CENTER, LLC;
ST. FRANCIS MEDICAL CENTER;
MIDWEST NEUROSURGEONS;
SOUTHEAST MISSOURI ANESTHESIA;
DR. SONJAY FONN; HONORABLE JOHN MCCRACKEN,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION
BOARD                                                        CROSS-APPELLEES

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  CETRULO, ECKERLE, AND A. JONES, JUDGES.

JONES, A., JUDGE:  This consolidated matter involves orders of an

Administrative Law Judge (ALJ) which, in sum, awarded appellee/cross-appellant

Justin Thele permanent partial disability and medical benefits from his former

employer (appellee/cross-appellee Designed Electrical Integrators (DEI)) and his

former employer's worker's compensation carrier (appellant/cross-appellee

Kentucky Employers' Mutual Insurance (KEMI)).  The parties ask this Court to

review various aspects of a May 10, 2024 opinion of the Workers' Compensation Board (Board), which reviewed the merits of the ALJ's award.

As discussed below, we are – ***for the second time*** – unable to review the merits of this matter because (1) the ALJ never resolved Thele's outstanding claim for sanctions, which rendered the ALJ's orders at issue interlocutory; and (2) the administrative procedure that could have otherwise authorized the Board to review this interlocutory matter was never invoked. Accordingly, we vacate the Board's opinion and direct the Board to dismiss these appeals.

The relevant background of this matter is as follows:

On August 10, 2017, Justin Thele was injured in the course and scope of his employment with DEI; he was working on a platform attached to a scissor-lift to access motors for an overhead conveyor system in a HomeGoods warehouse in Brownsburg, Indiana, when a HomeGoods employee ran a forklift into the scissor-lift and caused him to fall. On February 28, 2018, he initiated this workers' compensation matter. And, over the course of the proceedings that followed, several contested issues were identified and litigated between Thele, DEI, and KEMI, including, among others: (1) jurisdiction under the Kentucky Workers' Compensation Act (the Act); (2) the extent and duration of Thele's work-related injuries and disability; and (3) the extent of Thele's entitlement to income and medical benefits.

With that said, the ALJ resolved some of these issues shortly after DEI and KEMI initiated a dispute regarding their obligation to pay several medical expenses Thele claimed he had incurred for the treatment of his work injury – expenses which, according to a December 12, 2018, filing of record, amounted to

approximately $400,000; and which DEI and KEMI refused to pay solely because, in their view, jurisdiction under the Act was lacking. Prompted by this dispute, the ALJ entered a March 21, 2019, interlocutory order finding that jurisdiction under the Act existed; Thele's claimed medical expenses were related to his August 10, 2017, work injury and therefore compensable pursuant to Kentucky Revised Statute (KRS) 342.020; and, that any additional medical expenses "reasonably required for the cure and relief from the effects of his work related injuries" were likewise compensable.

Over the two years of administrative proceedings that followed, Thele asserted DEI and KEMI nevertheless largely refused without explanation to pay or reimburse him for the approximately $400,000 in medical expenses the ALJ's March 21, 2019, order had deemed compensable. Accordingly, Thele claimed sanctions were warranted, entitling him to an award representing his total amount of attorney's fees and costs. *See* KRS 342.310. And, at Thele's behest, "sanctions for Failure to pay medical bills previously ordered to be paid" was listed as a contested issue in the ALJ's final benefit review conference order and memorandum of August 5, 2020.

Subsequently, the parties completed discovery and submitted briefs outlining their respective positions, including their respective positions regarding sanctions. And, in an October 4, 2020, Opinion, Award and Order, the ALJ resolved *most* of the contested issues presented for adjudication.

. . .

However, the ALJ left the contested issue of sanctions unresolved[.]

. . .

-4-

Subsequently, KEMI appealed to the Board and Thele cross-appealed.

*Kentucky Employers Mutual Insurance v. Thele*, No. 2021-CA-0414-WC, 2021-CA-0418-WC, 2021-CA-0508-WC, 2022 WL 880158, at *1-3 (Ky. App. Mar. 25, 2022) (unpublished) (emphasis in original) (footnotes omitted).

On March 19, 2021, the Board rendered an opinion that addressed and resolved the merits of KEMI's and Thele's respective appeals. This Court subsequently vacated the Board's opinion and directed the Board to dismiss those appeals because they arose from a non-final order and the Board had therefore lacked jurisdiction to review them. We explained:

> [T]he ALJ's failure to address the contested issue of sanctions is dispositive as it precluded the Board from addressing the merits of this case. Regarding why, we begin with the premise that the subject matter jurisdiction of administrative agencies, such as the Office of Workers' Claims and the Workers' Compensation Board, extends only to those matters that are expressly delegated by the legislature. *See Custard Ins. Adjusters, Inc. v. Aldridge*, 57 S.W.3d 284, 287 (Ky. 2001). Thus, administrative appeals brought by grant of a statute, as here, are subject to strict compliance with the statute's dictates, and appellate jurisdiction is not properly invoked unless the party seeking to do so meets the conditions precedent to the appellate tribunal's exercise of jurisdiction. *See Belsito v. U-Haul Co. of Kentucky*, 313 S.W.3d 549, 551 (Ky. 2010). Here, KRS 342.285(1) defines the Board's subject matter jurisdiction, subjecting the Board's review of an ALJ's order to the administrative regulations promulgated by the commissioner of the Department of Workers' Claims. In turn, the operative regulation, 803 [Kentucky

Administrative Regulation] KAR 25:010 § 22(2), provides in relevant part:

> (a) Within thirty (30) days of the date a *final* award, order, or decision rendered by an administrative law judge pursuant to KRS 342.275(2) is filed, any party aggrieved by that award, order, or decision may file a notice of appeal to the Workers' Compensation Board.
>
> (b) As used in this section, *a final award, order, or decision shall be determined in accordance with Civil Rule 54.02(1) and (2).*

(Emphasis added.)

Considering the administrative adoption of Kentucky Rules of Civil Procedure (CR) 54.02, the Board's subject matter jurisdiction relative to its appellate authority is limited to reviewing awards, orders, or decisions that are final within the meaning of that rule. Accordingly, it was the obligation of the Board and remains the obligation of this Court – even in the absence of a motion from the parties – to determine whether the ALJ's orders in this matter qualified as such. If they did not, the Board effectively assumed jurisdiction where it did not exist. As such, we turn to CR 54.02, which provides in relevant part:

> (1) When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may grant a final judgment upon one or more but less than all of the claims or parties only upon a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final. In the

-6-

absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(2) When the remaining claim or claims in a multiple claim action are disposed of by judgment, that judgment shall be deemed to readjudicate finally as of that date and in the same terms all prior interlocutory orders and judgments determining claims which are not specifically disposed of in such final judgment.

To be clear, there is no dispute that Thele's request for sanctions against DEI and KEMI remains unresolved. Moreover, his request qualified as one of the "claims," "rights," or "liabilities" that must be resolved before an award, order, or decision may be deemed final and appealable absent the finality language of CR 54.02(1). *See, e.g.*, *Hampton v. Intech Contracting, LLC*, 581 S.W.3d 27, 32 (Ky. 2019) (explaining a circuit court's order that failed to resolve a pending claim for attorney's fees and costs pursuant to KRS 342.310(1), and which failed to include the finality language of CR 54.02(1) (*i.e.*, that the judgment was final and that there was no just reason for delay) remained interlocutory). Furthermore, none of the orders at issue in these appeals recited the finality language of CR 54.02(1). Consequently, when the Board rendered its opinion of March 21, 2021, it improperly addressed the merits of an interlocutory dispute and, thus, "overlooked or misconstrued" the statute controlling its appellate

-7-

jurisdiction. [*W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).]

*Id.* at \*4-5 (footnotes omitted).

Our instructions could not have been more straightforward. In summary, we explained that before the Board's appellate jurisdiction could be invoked, one of two things needed to occur:

(1) The ALJ must *completely* resolve *all* the pending claims before him. He could accomplish that by *completely* resolving the sanctions issue, which at the time was the only claim that remained pending; or

(2) The ALJ could decide *not* to resolve the sanctions issue. Rather, he could reserve judgment on that issue and, in the meantime, allow the parties to appeal, in piecemeal fashion,[1] the *other* claims he had already adjudicated. To select this course of action, the ALJ was required to explicitly state in his dispositive order, consistently with CR 54.02(1), that his order was "**final**" and that "**there is no just reason for delay**."

---

[1] *See Homestead Nursing Home v. Parker*, 86 S.W.3d 424, 426 (Ky. App. 1999) ("803 KAR 25:010 § 2[2] refers to CR 54.02, indicating that the Board is aware that, although piece-meal appeals are not to be allowed, complex claims may sometimes be divided efficiently into independent portions.").

-8-

Roughly three years have passed since this Court rendered that decision. During that time, the Kentucky Supreme Court affirmed it;[2] this matter was remanded to the ALJ; and history then repeated itself. To that last point, the ALJ once again entered only non-final orders addressing the sanctions issue. In his first order, entered September 11, 2023, the ALJ determined Thele was entitled to an award of attorney's fees from KEMI pursuant to KRS 342.310; he directed Thele's counsel to "file his motion for fee when the case is resolved, not to exceed the limit imposed by KRS 342.320 for claims arising prior to July 14, 2018"; and added that "KEMI shall separately pay Thele's attorney's fee ultimately ordered after motion under KRS 342.320." In his second order, entered October 18, 2023, the ALJ reconsidered and revised his prior order as follows:

> **Attorney Fees** – The ALJ previously limited the award of attorney fees to $12,000 pursuant to KRS 342.320. Thele asserts that KRS 342.310 does not limit fees when a sanction is awarded. KEMI agrees that KRS 342.310(1) provides that the ALJ may assess the whole cost of any proceeding but asserts that it paid TTD and medical expenses and complied with the March 21, 2019 opinion and there should be no award of attorney fees.
>
> In reviewing KRS 342.320 and KRS 342.310, the ALJ mistakenly applied the attorney fee limits of 342.320 when KRS 342.310 clearly has no limit of fees. The ALJ reviewed the opinions rendered by the Board, Court of Appeals and the Kentucky Supreme Court and finds that the issue regarding fees began at the benefit review

---

[2] *See Kentucky Employers Mutual Insurance v. Thele*, No. 2022-SC-0154-WC, 2022-SC-0172-WC, 2023 WL 4037432 (Ky. Jun. 15, 2023) (unpublished).

conference of August 5, 2020[,] when the issue of the failure to pay medical expenses was listed as a contested issue. The parties waived a hearing at that time. The ALJ erred in considering the cap for attorney fees imposed by [KRS] 342.320 and corrects that error at this time. The ALJ finds that Thele is entitled to an award of attorney fees from August 5, 2020 through the Kentucky Supreme Court proceedings. This is not a finding that limits fees to that period as fees may be warranted as additional proceedings are held beyond what this ALJ may be able to oversee. The ALJ awards fees based upon an hourly rate to be determined by Thele's counsel filing an affidavit of time spent and the hourly rate for that time.

The filing of the affidavit by Thele's counsel does not affect the finality of this order on Petition for Reconsideration as it will be a final order.

**Expenses** – The ALJ is aware that Thele filed his own appeal and that appeal would have costs associated with the filing at the Court of Appeals and Kentucky Supreme Court. However, the ALJ is not inclined to disturb the prior order denying an award of expenses. This portion of the Petition for Reconsideration is overruled.

These orders were non-final because the ALJ did not *completely* resolve Thele's outstanding sanctions "claim" for purposes of CR 54.02. This is so because, in both orders, the ALJ merely determined Thele was entitled to *an* award of attorney's fees as a sanction but neglected to resolve the *amount* of that award. *See, e.g.*, *Erie Insurance Exchange v. Johnson*, 647 S.W.3d 198, 203 (Ky. 2022) (citation omitted) (explaining an order for attorney's fees that expressed no amount of attorney's fees could not be made final and appealable because "a judgment, to

-10-

be final, must not merely decide that one of the parties is entitled to relief of a final character, but must give that relief by its own force, or be enforceable for that purpose without further action by the court or by process for contempt."). Furthermore, both orders conspicuously lacked any determination from the ALJ that "**there is no just reason for delay**," which might otherwise have made other aspects of the ALJ's order final and appealable. *See* CR 54.02(1).

Afterward, KEMI once again appealed the ALJ's non-final orders to the Board. Thele once again followed suit. The Board has once again rendered an opinion addressing their appeals on the merits, which we are now asked, once again, to review. Yet, we are once again constrained to vacate the Board's opinion and direct the Board to dismiss KEMI's and Thele's respective appeals as interlocutory. To reiterate, the order from which the appeal arises must either contain an amount of attorney's fees or a recitation of finality.

Before concluding, however, it appears from the briefs that have been submitted that the parties require an additional measure of clarity regarding the *effect*, in the meantime, of the ALJ's March 21, 2019, interlocutory order which found that jurisdiction under the Act existed; that Thele's claimed medical expenses of roughly $400,000 were related to his August 10, 2017, work injury and were therefore compensable pursuant to KRS 342.020; and, that any additional medical expenses "reasonably required for the cure and relief from the effects of

-11-

his work related injuries" were likewise compensable. KEMI still has *yet* to pay any meaningful amount of Thele's $400,000 of outstanding medical expenses, and KEMI appears to believe its refusal to do so is justified because, in its view, the ALJ incorrectly determined, in the March 21, 2019, interlocutory order, that subject matter jurisdiction over this matter rests in Kentucky.

To be clear, KEMI's *belief* in that regard has never excused it from *complying* with the ALJ's March 21, 2019, interlocutory order. The ALJ's order – including its determination regarding subject matter jurisdiction – was at most voidable, not void, because the ALJ was authorized to determine whether subject matter jurisdiction existed. As with any other tribunal so authorized, the ALJ's judgment in that respect remains conclusive until reversed or set aside. *See Strother v. Day*, 279 S.W.2d 785, 789 (Ky. 1955). Here, the ALJ has never set aside his March 21, 2019, interlocutory order; nor has the ALJ been legitimately reversed on *any* point. As such, KEMI has been required to obey that order since it was entered. And, like any other potentially voidable order, KEMI's belief that this order could be voided *later* will not spare it from sanctions for disobeying that order *now*. *See* 803 KAR 25:010 § 12(5);[3] *see also Garno v. Solectron*, 329

---

[3] 803 KAR 25:010 § 12(5) provides: "Benefits awarded pursuant to an interlocutory order shall not be terminated except upon entry of an order issued by an administrative law judge. Failure to pay benefits under an interlocutory order or termination of benefits ordered pursuant to an interlocutory order without prior approval of the ALJ shall constitute grounds for a violation of the Unfair Claims Settlement Practices Act at KRS 342.267, and for sanctions pursuant to KRS

S.W.3d 301 (Ky. 2010);[4] *see also Goodman v. Kentucky Bd. of Dentistry*, 823 S.W.2d 944, 945 (Ky. App. 1991) (citation omitted) ("Whether an injunction order is right or wrong, it is the duty of the party bound by the injunction to obey it so long as the injunction remains in effect.").

Considering the Board's lack of jurisdiction, we accordingly VACATE the Board's opinion. Upon REMAND, the Board is directed to DISMISS the underlying appeals in this matter.

ALL CONCUR.

---

342.310 and Section 26 of this administrative regulation, unless good cause is shown for failure to do so."

[4] In *Garno*, our Supreme Court explained:

> KRS 342.305 permits a party to obtain a circuit court judgment in accordance with "an order or decision of the administrative law judge or board, or an award of the administrative law judge unappealed from . . . ." These provisions clearly permit the terms of an ALJ's interlocutory order and award to be enforced until superseded by a subsequent order or award.

*Garno*, 329 S.W.3d at 305. Additionally, in any enforcement action pursuant to KRS 342.305, circuit courts are likewise authorized to grant sanctions pursuant to KRS 342.310.

BRIEFS FOR APPELLANT/CROSS-APPELLEE KENTUCKY EMPLOYERS' MUTUAL INSURANCE:

Lyn Douglas Powers
Louisville, Kentucky

BRIEF FOR APPELLEE DESIGNED ELECTRICAL INTEGRATORS:

R. Christon Hutson
Paducah, Kentucky

BRIEF FOR APPELLEE/CROSS-APPELLANT JUSTIN THELE:

Jeffery A. Roberts
Murray, Kentucky