RENDERED:  JUNE 5, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0661-MR

MARLON JACKSON, SR.                                        APPELLANT

APPEAL FROM LARUE CIRCUIT COURT
v.        HONORABLE JOSEPH GUINAN BALLARD, JUDGE
ACTION NO. 23-CR-00036

COMMONWEALTH OF KENTUCKY                                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

COMBS, JUDGE:  This is a criminal case involving a conviction for flagrant non-support.  A jury found Appellant, Marlon Renay Jackson, Sr. (Jackson), guilty of flagrant non-support and sentenced him to five (5) years in prison.  On appeal, Jackson contends that his conviction should be vacated because the Commonwealth did not prove all the elements of flagrant non-support.  After our review, we affirm.

By order of the Larue District Court entered May 29, 2019, in case No. 18-J-00047, Jackson was ordered to pay child support for his minor son, K.I.J., born in 2017, in the total amount of $231.50 per month ($206.50 for ongoing child support and $25.00 toward an arrearage of $5,575.50).

On April 17, 2023, a Larue County Grand Jury indicted Jackson for one count of flagrant non-support. KRS[1] 530.050. The indictment alleged that from March 1, 2017, through March 31, 2023, Jackson "persistently fail[ed] to provide support which he [could] reasonably provide which he knew he was ordered to pay resulting in an arrearage of $13,170.78 . . . ."

In relevant part, KRS 530.050 provides:

> (2) A person is guilty of flagrant nonsupport when he or she persistently fails to provide support which he or she can reasonably provide and which the person knows he or she has a duty to provide by virtue of a court or administrative order to a minor, a child adjudged mentally disabled, an indigent spouse, or indigent parent, and the failure results in:
>
> > (a) An arrearage of not less than two thousand five hundred dollars ($2,500) . . . .

"[T]he Commonwealth ha[s] the burden of proving, beyond a reasonable doubt, that Appellant could 'reasonably provide' the Court-ordered support." *Schoenbachler v. Commonwealth*, 95 S.W.3d 830, 836 (Ky. 2003).

---

[1] Kentucky Revised Statutes.

The case was tried on April 22, 2025. The Commonwealth called the child support case worker as its only witness, who explained how the process works. She testified that when Jackson was indicted, he had an arrearage of $13,170.78 for the indicted period of March 1, 2017, through March 31, 2023.[2] The Commonwealth presented evidence of Jackson's payment history, its garnishment of Jackson's wages when he was employed, and his employment history. In total, Jackson had paid $1,528.35 during the indictment period.

The case worker further testified that she had spoken with Jackson on June 24, 2019, when he called to get the address of where to mail his payments. She had no further contact with Jackson. He never called her to explain why he could not pay his child support. The case worker was not aware of any physical or mental disability that Jackson might have had that would prevent him from paying his child support. The caseworker testified that she could not offer any reason why Jackson could not pay his child support from June 2019 when his payment was originally due until the indictment in April 2023.

At the close of the Commonwealth's case, Jackson moved for a directed verdict, arguing that the Commonwealth failed to meet its burden of proving that the defendant had the ability to pay. The trial court denied the motion.

---

[2] At trial, the Commonwealth elected to remove the initial arrearage amount of $5,575.50 that had been ordered in 2019 and requested that the amount to be held against Jackson now be $7,595.28.

Jackson then testified in his own behalf. He has a total of 14 children and eight child-support obligations. He pays on all eight of them. In 2019, Jackson was living with his wife, their shared daughter, and two of Jackson's other sons. The child who is the subject of this case did not live with them. Jackson explained that his wife was the breadwinner. He was the homemaker, and that role included taking care of the children, cleaning, cooking, doing laundry, and yardwork. Jackson's income was mainly public assistance. At the first of the month when he received his assistance check, Jackson would buy a $20.00 money order for each of the eight children. If he had more money, he paid more. He paid each child the same amount. Jackson explained that he likes to work on cars as a sort of hobby. He would buy a car that has issues from Facebook, repair it and sell it. He would also buy other items on Facebook and resell them.

When he did work, Jackson's wages were garnished for the eight child support orders. During the indicted time period, Jackson sought SSI Disability due to mental health issues and was twice denied. According to Jackson, he has received mental health counseling for years. He has never stayed on a job more than 90 days because of his mental issues. Jackson disagreed that the reason he could not pay child support was due to a mental disability. Jackson testified that it was due to the fact he has too many children.

At the close of all of the evidence, Jackson renewed his motion for directed verdict, which the trial court again denied. The jury found Jackson guilty, and he was sentenced to five (5) years.

Jackson now appeals. He contends that the Commonwealth failed to prove one of the elements of the offense of flagrant non-support -- specifically, that the Commonwealth failed to prove that Jackson could "reasonably provide" the court-ordered child support.

"So long as the Commonwealth produces more than a mere scintilla of evidence to support the charges, a defendant's motion for directed verdict should be denied." *Taylor v. Commonwealth*, 617 S.W.3d 321, 324 (Ky. 2020). "On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal." *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991).

Under the evidence as a whole, we conclude that it was ***not*** clearly unreasonable for the jury to find guilt in the case before us. "We have long stated that the jury may believe all of a witness's testimony, part of a witness's testimony, or none of it." *Robinson v. Commonwealth*, 325 S.W.3d 368, 371 (Ky. 2010). As the Commonwealth notes, if Jackson truly believed that he could not meet his child support obligation to K.I.J., he could have sought a modification of child support

under KRS 403.212. He did not do so. The child support case worker was unaware of any reason why Jackson could not pay his child support.

Jackson's own testimony established his ability to take care of a household, repair vehicles, and secure employment through an agency. Furthermore, Jackson's application for disability benefits based upon his alleged mental health issues was denied. We conclude that the evidence was sufficient for the jury to believe that Jackson could reasonably have provided child support -- but that he chose not to do so.

Jackson also submits that "it is very important to note" that the child support worksheet was incorrectly filled out and failed to include deductions for other prior born children. Jackson acknowledges that this particular argument was not made below, but he requests that we review any unpreserved issues under the palpable error standard, RCr[3] 10.26. Jackson contends that he:

> was expected to "reasonably provide" but had a monetary obligation in a child support order that failed to comply with KRS 403.212. Making it an impossibility for him to have the ability to pay for KIJ and all his other children.

Jackson's argument is an impermissible collateral attack upon the child support order. *See Spicer v. Spicer*, 236 S.W.2d 474, 476 (Ky. 1951) (a judgment is presumed valid and cannot be collaterally attacked unless it appears from the face

---

[3] Kentucky Rules of Criminal Procedure.

of record that judgment is void); *See also Gutierrez v. Commonwealth*, 163 S.W.3d 439, 441 (Ky. 2005) ("the only situation in which a collateral attack upon the validity of a court order during the prosecution for violation of that order is appropriate is when the issuing court lacked subject matter or personal jurisdiction.").

We affirm the judgment of the Larue Circuit Court.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Adam Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

J. Grant Burdette
Assistant Attorney General
Frankfort, Kentucky